# Childs *v.* The State.

*Indictment for Murder.*

1. *When witness may testify to character.*—A person who says that he *knows* the character of a witness, "but never heard his character discussed," is competent to testify in reference to it.

2. *Proof of pending indictment.*—When it becomes material to prove the fact that an indictment is pending in another county, and its contents, the proper mode of proving it is, not by the production of the original, but by an exemplification duly certified.

3. *Excluding evidence once admitted.*—The practice of permitting illegal evidence to go to the jury in the first instance, and afterwards withdrawing it from them, ought to be avoided ; but, where the record shows that it was withdrawn from them, and they were instructed to disregard it, this cures the error of its admission.

4. *Proof of venue.*—Where the bill of exceptions purports to set out all the evidence adduced on the trial, but does not show that the venue was proved, the defendant may take advantage of the omission by a request for a general charge on the evidence. This is now the established practice, and the court does not feel at liberty to depart from it in the case of a capital felony, though it would be inclined, if the question were new, to require that the attention of the primary court should be specially called to the omission.

[Childs v. The State.]

FROM the Circuit Court of Henry.

Tried before the Hon. H. D. CLAYTON.

The defendants in this case, Isaac Childs, Jacob Childs, and Jerry Childs, were indicted for the murder of Mrs. Rosanna You. The case was before the court on a former day of the present term, when the judgment of conviction was reversed, and the cause remanded, as shown by the report of the case, *ante*, p. 25. On the second trial in the court below, as shown by the present record, several exceptions were reserved by the defendants to rulings of the court on questions of evidence, and other matters, which the opinion of this court renders it unnecessary to set out at length; and these are the matters now urged as error.

JAS. W. OATES and JNO. W. FOSTER, for the defendants.

JNO. W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—The exception to the ruling of the court refusing to exclude the testimony of the witness Cassady, touching the character of Mingo Williams, another witness, cannot be sustained. Mr. Cassady had first testified that he "knew the character of Mingo Williams," and that so far as he knew it was good, and he thought he would believe him on oath in a court of justice. To all or any of this no objection was made. But having said, on cross-examination, "I know the character of Mingo Williams as well as I do any negro, but never heard his character canvassed," defendants moved to exclude the testimony of Cassady, on the particular ground that he did not know Williams' character. If the answer made on cross-examination were all that Cassady said in respect to his knowledge of Williams' character, it would not appear that he was a competent witness to sustain it. But he had previously declared he "knew" it. And his answer to the cross-examination, as to how well he was acquainted with Williams' character, imports that he knew it as well as he could know that of a person belonging to his class in society; meaning, doubtless, a person so obscure as not to be much talked about,—although he might be very well known to the witness. It is not necessary that the latter should have heard the character of Williams canvassed. *Hadjo v. Gooden*, 13 Ala. 719. The objection of defendants did not go to the points discussed in *Ward v. The State* (28 Ala. 53), concerning the form of the question or answer—whether it should be confined or not to the character "for truth and veracity;" but was based upon the idea,

[Childs v. The State.]

that the answer to the cross-interrogatory showed that witness did not know the character of Williams at all.

2–3. The indictment against two of the defendants for larceny, in which the person they are charged with having slain was prosecutrix, with intent to connect it with threats on their part that she should not live to testify in that cause,—was not necessary, though legitimate evidence in the present cause. If put in, the proper mode of proving it was by an exemplification, duly certified. The original indictment should not have been allowed to be taken away from the Circuit Court of Dale county, to which it belonged. Such documents are of too important a character to be carried away from the proper depository for them. It may be doubted, also, whether it was sufficiently proved to be the original to make it admissible in evidence as such. As, however, it, and the evidence relating to it, were afterwards withdrawn from the jury; and they were, we must presume, instructed not to consider it as evidence in the cause, the exception to its introduction cannot be sustained. Such a practice, though, ought to be avoided, because it may be difficult, sometimes, for jurors to prevent evidence that has been improperly before them from having some influence in shaping the verdict they must render.

4. We regret to find in this record—what we have had to speak of so often, in the State cases brought before this court—the omission in a bill of exceptions, which professes to set out all the evidence that was adduced against the accused, of any mention of the county in which the offense was committed. It is only in a court of the county in which a crime was perpetrated, that an indictment for it can be found. That on which the present prosecution rests was returned by a grand jury of Dale county, into a Circuit Court of that county; and the cause was transferred, upon application of the accused, to the Circuit Court of Henry county. To sustain its jurisdiction to render judgment, it was therefore necessary to be shown that the crime charged was perpetrated in Dale county. Yet, in all the testimony of more than a dozen witnesses, it does not appear that this essential particular was proved by any body. The high character of the judge who presided at the trial, makes it very improbable that such evidence was not introduced. It was doubtless by inadvertence only, or a too trustful reliance upon the diligence of the counsel for the State, that he has signed a bill of exceptions, declaring it contains all the evidence in the cause, but which does not contain any touching the *venue* of the offense. However that may be, we must consider the case as it appears by the record. Upon the

[Hadley v. The State.]

case as stated, the bill of exceptions informs us that defendants asked of the court, in writing, the charge that "if the jury believe the evidence, they will find the defendants not guilty;" which is equivalent to the instruction that, *though* they believe the evidence, or upon the evidence, they must find the defendants not guilty. If the question were a new one in this court, we should be inclined to hold, that a charge designed to take advantage of the question, whether the *venue* of an offense were proved or not, should be so framed as to bring that matter to the attention of the court. The rules of law are to be used so as to effectuate justice, not to prevent it. But, it having several times been decided that a defendant may take advantage of the omission to introduce or set forth the evidence of such a matter, under a general charge or exception, we do not feel at liberty to depart from the practice thus established, in a case of capital felony, like the present. If the court did not err in certifying that the bill of exceptions in this cause contains all the evidence that was submitted to the jury, we must hold that it erred in not giving the charge in question. The evidence set forth did not entitle the State to a verdict of guilty against the defendants.

Let the judgment of the Circuit Court be reversed, and the cause remanded. But the defendants must remain in custody, until discharged by due course of law.