# Dismukes *v.* The State.

*Indictment for Burglary.*

1. *Sufficiency of indictment; alternative averments of intent.*—An indictment for burglary may allege, in a single count Code, § 4796), that the act was committed with the intent to steal, or with the intent to commit a rape

2. *Declaration admissible as res gestæ.*—The defendant having been arrested at night under the window of a room occupied by two young ladies, where one of the panes of glass had been broken out, the exclamation of one of them, on running to her father in an adjoining room, "that she saw some one at the window," which caused the immediate arrest of the defendant, is admissible evidence as a part of the *res gestæ.*

3. *Admission and subsequent exclusion of evidence.*—When evidence is permitted to go to the jury, though *prima facie* irrelevant, on the statement of the solicitor "that he would connect the defendant with it," the error is cured by the subsequent exclusion of the evidence, on failure to adduce the necessary connecting proof; but this practice should be followed with great caution.

FROM the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case charged, in a single count, that the defendant, Tobe Dismukes, a freedman, "broke into and entered the dwelling-house of W. H. Harris, with the intent forcibly to ravish a female, whose name is to the grand jury unknown, or with the intent to steal; against the peace," &c. The defendant demurred to the indictment, because it alleged no specific intent, and because it alleged two different intents in the alternative; and his demurrer having been overruled, he pleaded not guilty. On the trial, as appears from the bill of exceptions, W. H. Harris testified on the part of the State, that one night in April, or May, 1886, about nine o'clock or later, he and his son, being aroused by his daughter, went around the house in opposite directions,

and arrested the defendant near and under a window of the room occupied by his daughter and another young lady; that the defendant was under a work-bench, within six or eight feet of the window, held a board (or piece of plank), about three inches wide and two or three feet long, before his face, and begged them not to shoot him; "that a hole was previously broken in the middle and west pane of the window, the hole being stopped with paper; that paper was seen in the broken pane during the day, and found on the ground the next day;" that witness or his wife had money, jewelry, and other articles in the room, and this was known to the defendant; that his daughter "saw the impress of some one's hand as it bulged the curtain, which was drawn close, and immediately ran into the adjoining room, where he and his wife were, and gave the information;" and that his daughter, "on running into his room in her night-clothes, said that she saw some one at the window in her room." The defendant objected to the admission of this statement as evidence, and reserved an exception to the overruling of his objection. The witness further testified, "among other things, that some one attempted to raise the window in his daughter's room the night before, and left it raised with a piece of stick under it about two feet long, and he so found the window the next morning." The defendant objected to the admission of this statement as evidence, but the court admitted it at the time, "on the statement of the solicitor, that he would connect the defendant with it;" to which ruling the defendant excepted. After all the evidence was closed, two other witnesses having been examined, "the State having failed to connect the defendant with said evidence," the court excluded it from the jury, on motion of the defendant; and the defendant excepted "to the action of the court in permitting said evidence to remain before the jury during all that time."

W. H. PARKS & SON, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State, cited Code, § 4796; *Sparrenberger v. State*, 53 Ala. 481; *Horton v. State*, 53 Ala. 488; *Wesley v. State*, 52 Ala. 182; *Childs v. State*, 55 Ala. 28.

SOMERVILLE, J.—1. When an offense may be committed by different means, or with different intents, such

[Dismukes v. The State.]

means or intents are, by the express provisions of the statute, authorized to be alleged in the same count of the indictment in the alternative. This changes the common law on this subject, and was intended to prevent a multiplicity of counts. Code, 1886, § 4383 ; *Horton's case*, 53 Ala. 488. Under this statute, the indictment in the present case was good, and the demurrer to it was properly overruled.

2. The exclamation of Miss Harris, as testified to by her father, was made almost immediately on the happening of the alleged burglarious act, was explanatory of her exit from the room produced by the act, and, therefore, so intimately connected with the act itself as to characterize and explain it, in such a manner as to become a part of the *res gestæ*. The exclamation in question, being uttered so near the scene of the transaction, and being apparently spontaneous in its nature, coming as it did instantly from a party wronged by the commission of the crime charged, was free from all suspicion of device, premeditation or afterthought, and can not be regarded in any respect as merely narrative of a past transaction. We see no error in the admission of this evidence.—*Ala. Gr. So. R. R. Co. v. Hawk*, 72 Ala. 182; *Wesley v. State*, 52 Ala. 182; *Garrett v. State*, 76 Ala. 18; *M. & M. R. R. Co. v. Ashcroft*, 48 Ala. 15; Whart. Cr. Ev. §§ 263, 270; 2 Addison on Torts, § 1375; *State v. Melisse*, 58 Amer. Rep., note, pp. 184–194; *State v. Middleham*, 62 Iowa, 150; *Lander v. People*, 104 Ill. 248.

3. The evidence, as to some one having made a burglarious attempt on the same premises on a previous night, was admitted by the court in view of the statement of the solicitor, that the defendant, in the course of the trial, would be so connected with it as to make it relevant. Upon failure of the State to introduce the requisite evidence to make it relevant, it was on motion excluded from the jury. This practice, though it should be followed with great caution, especially in trials for crimes of a high grade, is held not to be a reversible error.—*Jordan v. State*, 79 Ala. 9; *Childs v. State*, 55 Ala. 28; 1 Greenl. Ev. (14th Ed.), § 51a; *McCurry v. Hooper*, 12 Ala. 823.

We discover no error in the record, and the judgment is affirmed.