TERRITORY OF MONTANA, RESPONDENT, *v.* CAMPBELL, APPELLANT.

CRIMINAL LAW — *Practice.* — *Contents of record.* — An exception taken to the ruling of the trial judge, excluding a question propounded by defendant to a juror on his *voir dire*, will not be considered by this court unless the record shows affirmatively that such juror was sworn and served, and that the defendant's peremptory challenges were exhausted before the jury was finally impaneled.

EVIDENCE — *Res gestœ.* — Where the evidence shows a *prima facie* case of conspiracy between parties to commit a crime, whatever is said by either of such parties at the time of the commission of the act complained of is part of the *res gestœ* and admissible in evidence.

SAME — *Former enmity.* — It is not error to refuse to allow the defendants to ask the wife of the prosecuting witness, whether there was not a good deal of enmity existing between her husband and one D, as such a state of feeling could have no bearing upon the guilt or innocence of the accused, much less as to how the witness felt towards the defendant.

SAME — *Previous threats.* — Proof of threats, made by the prosecuting witness against the life of the defendant, and communicated to him, is inadmissible as a defense, unless, at the time of the perpetration of the crime, the prosecuting witness indicated by his conduct an intention to carry them into execution.

*Appeal from Second Judicial District, Deer Lodge County.*

The defendant was tried before DE WOLFE, J.

*Robinson & Stapleton,* for Appellant.

The court erred in the selection of jurors in this cause in not permitting counsel for the defendant to ask juror Batterton "whether he had any knowledge of the feuds existing for two or three years past between the Dooley and Milroy families," for the purpose of aiding them in an intelligent exercise of the right of peremptory challenge. (Proffatt on Jury Trial, 207, § 155; *Watson* v. *Whitney,* 23 Cal. 376; *People* v. *Car Soy,* 57

Cal. 102.) And also for the purpose of testing the mind of the juror as to his opinion on the merits of the controversy, and his prejudice in the matter from facts learned previous to the trial. (*People* v. *Reyes*, 5 Cal. 347; *Nelms* v. *Mississippi*, 13 Smedes & 500; M. 53 Am. Dec. 94; *People* v. *Gehr*, 8 Cal. 359.)

Proof by the prosecution of statements made by Dooley and others at the time of the difficulty was inadmissible, without first proving the existence of an understanding or conspiracy between them and defendant to join effort in a common fight. (*State* v. *McNamara*, 3 Nev. 60; *Brainard* v. *Buck*, 25 Vt. 573; 60 Am. Dec. 291; *Lawson* v. *State*, 20 Ala. 65; 56 Am. Dec. 182; 1 Greenleaf on Evidence, § 197.)

The court erred upon the trial of the cause in not permitting defendant's counsel to show the *animus* of Mrs. Milroy and other witnesses for the prosecution by questioning them as to pre-existing feud between Dooley and Milroy, in which Campbell had become involved. Proof of special acts of provocation on the part of Milroy towards Dooley and defendant should have been permitted. (Wharton's Criminal Law, § 1027.)

*John B. Clayberg*, Attorney-General, for the Territory.

There is nothing in the record to show that the defendant had exhausted any of the peremptory challenges at the time these questions were overruled, and if his counsel thought either of the jurors were prejudiced or partial, he could have protected himself by the exercise of his peremptory challenges. It has been frequently decided that where a challenge for cause is erroneously overruled, and the record does not show that the defendant's peremptory challenges were exhausted, the Supreme Court will not reverse the case. (*Bohanan* v. *State*, 15 Neb. 209; *Curran* v. *Percival*, 21 Neb. 434; *Burnett* v. *Railroad Co.* 16 Neb. 332; *Anderson* v. *Territory*, N. M. Jan. 28, 1887, 13 Pac. Rep. 21; *State* v. *Jones*, 39 La. An. 935; *State* v. *Gooch*, 94 N. C. 1021; *Wilson* v. *People*, 94 Ill. 299; *Power* v. *State*, 23 Tex. App. 42.) It has also been frequently held that where a challenge for cause is erroneously overruled, and the defendant then challenge the same juror peremptorily, the Supreme Court will not consider the error unless defendant's peremptory challenges were thereby exhausted, and the prejudiced or partial juror

was forced upon the defendant. (*State* v. *George*, 62 Iowa, 682; *State* v. *Elliot*, 45 Iowa, 486; *State* v. *Davis*, 41 Iowa, 311; *Barnes* v. *Town of Newton*, 46 Iowa, 567; *Sullings* v. *Shakespeare*, 46 Mich. 408; *People* v. *Gatewood*, 20 Cal. 147; *People* v. *Gaunt*, 23 Cal. 156; *Robinson* v. *Randall*, 32 Ill. 521; *People* v. *McGungill*, 41 Cal. 429; *Baldwin* v. *People*, Tex. App. Mar. 9, 1887, 4 S. W. Rep. 579; *Ford* v. *Umatilla*, 15 Or. 313; *Carter* v. *Territory*, Wyom. June 14, 1888, 18 Pac. Rep. 750.)

The testimony as to what was said by one Dooley, at the time the crime was committed, was competent as part of the *res gestæ*. It was a part of the history of the occurrence as much as the acts of any of the parties present. (*Dismukes* v. *The State*, 83 Ala. 287, and cases cited.)

The testimony as to the relations of Milroy with one Dooley was properly excluded as having no bearing on the case. It certainly is no matter what the feeling may have been between Milroy and Dooley, and it did not even tend to affect the credibility of the witness.

There is no evidence in the transcript which would indicate that the prosecuting witness, or any of his party, was armed, or that the prosecuting witness was in the act of carrying into effect any threat which he might have theretofore made. Even in cases of homicide threats of the deceased are inadmissible, unless the testimony shows that at the time of the killing the deceased was making some demonstration towards the accomplishment of his threats. (*Evans* v. *The State*, 44 Miss. 762; *Head* v. *The State*, 44 Miss. 731; *Pinny* v. *The State*, 2 Head, 217.)

It has also been held that if there was cooling time between the acquirement of the knowledge of the threat and the commission of the crime, evidence of such threats would be inadmissible. (*State* v. *Jackson*, 17 Mo. 544; 59 Am. Dec. 281, and cases cited.)

LIDDELL, J.—The defendant was convicted of the crime of an assault with intent to commit murder, and has been sentenced to serve a term of five years in the territorial prison. In his appeal he complains of several erroneous rulings by the lower court, which were prejudicial to his rights; but, after an examination of the authorities relied on, we are unable to agree with his counsel that any exception was well taken.

It is very true that counsel for the defense should be permitted to thoroughly examine the juror on his *voir dire*, in order to show his bias or prejudice, and to decide whether he will exercise one of his peremptory challenges; but, whenever there is a doubt as to the propriety of the question propounded, it is always better to allow it. We are inclined to think that the questions propounded to the two jurors, Beckstead and Batterton, as to whether they knew of the feuds existing between the Milroys and Dooleys, into which the defendant had been drawn, and whether they had taken sides therein, were proper, and should have been allowed. But in the present condition of the record we cannot consider the exception, for it does not appear that either of the persons named were ever sworn or served as jurors, nor is it anywhere stated that the defendant's peremptory challenges were exhausted before the jury was finally impaneled. Unless these facts appear there is no error prejudicial to the accused, and the record should show them affirmatively in order to have the exception considered by this court. (*People* v. *McGungill*, 41 Cal. 429; *Ford* v. *Umatilla*, 15 Or. 313; *Carter* v. *Territory*, Wyom. June 14, 1888; 18 Pac. Rep. 750; *State* v. *Bunger*, 14 La. An. 461.)

The prosecuting witness, Milroy, and one Dooley reside on adjoining farms, and on the morning of the trouble he saw Dooley, Blair, King, the defendant Campbell, and Orenoe Shaud standing at Dooley's stables, where they seemed engaged in getting guns out of the house, and were firing them off in the direction where the witness was occupied in erecting a division fence between his and Dooley's farm. Shortly afterwards Dooley came up with the foregoing party, all armed, and, claiming the land as his, objected to the fence being built. The prosecuting witness protested against Dooley's taking the law into his own hands after this fashion, whereupon the latter immediately began firing upon Milroy, and called out: "Fire, boys!" which command was obeyed by the defendant, who deliberately fired four shots at the prosecuting witness, striking him once in the left knee. Counsel for defendant objected to what Dooley said at the time being received in evidence, but the court, we think, correctly overruled the objection, as it was evidently a part of the *res gestœ*. The party had deliberately armed themselves and

gone to where Milroy was engaged in building his fence. Dooley was the spokesman and commander, and directed the firing by the others. From this statement it is evident that whatever Dooley or any of the firing party said on this occasion was admissible in evidence as a part of the *res gestæ.* It is always very difficult to lay down any precise rule as to what constitutes the "*res gestæ*" of the transaction, but whenever the acts or declarations are concomitant with the principal act complained of, and evidently not made from design, then the act or declaration is admissible. And in the present instance we are not prepared to say that a *prima facie* case of conspiracy had not been sufficiently established to justify the admission in evidence of Dooley's declarations. (1 Greenleaf on Evidence, §§ 108–110; *Dismukes* v. *State,* 83 Ala. 287; *State* v. *Moore,* 38 La. An. 66.)

The next objection reserved by the defendant was to the refusal of the judge to allow defendant's counsel to ask the witness, Anna Milroy, if there was not a good deal of enmity existing between her husband and one Dooley. Whether such a state of feeling actually existed between those two individuals could have no bearing upon the guilt or innocence of the accused; much less as to how the witness felt towards the defendant, James Campbell. It is not disputed that in cross-examination the witness may be interrogated as to his interests, bias, or prejudice; but it is equally well settled that a witness cannot be cross-examined or contradicted as to any part which is collateral or irrelevant to the matter in dispute. Such evidence embarrasses the trial and distracts the attention of the jury by interjecting into the case issues which are entirely foreign to the real points submitted for decision.

Finally, the defendant contends that the court erred in refusing to allow him to prove certain threats which Milroy had made against the life of the defendant, and which had been communicated to him. It is elementary that such evidence is wholly inadmissible as a defense, unless at the time of the perpetration of the crime the person making the threats indicated by his conduct an intention to carry them into execution. The evidence in the case for the prosecution completely refutes any such condition, but, on the contrary, shows that the shooting was wan-

ton, deliberate, and malicious, and that the prosecuting witness on this occasion did everything possible to avoid being killed by the defendant. (2 Bishop's Criminal Procedure, §§ 619, 620; *Evans* v. *People*, 44 Miss. 762; *Head* v. *State*, 44 Miss. 731; *Johnson* v. *State*, 27 Tex. 758.) We find no error in the judgment appealed from, which is therefore affirmed at cost of appellant, and it is ordered to be carried into execution according to the terms thereof.

BLAKE, C. J., and BACH, J., concur.