# Moses *v.* The State.

## *Indictment for Robbery.*

1. *Declarations of person assaulted and robbed, made to third persons.*
The woman who was assaulted and robbed, and who was not produced
as a witness on the trial, was a foreigner, and could scarcely speak
intelligibly in English ; she was seen to go into the woods in company
with the defendant, also a woman, and to come out alone within an
hour, bruised, wounded and bleeding, gesticulating and trying to talk,
and with her clothes badly torn. The witness who saw her would not
then let her come near him, but went off and reported the facts to
several other persons, and returned with them " a short time after-
wards," when she told them, in reply to questions, that the defendant
had assaulted and robbed her ; and she made similar statements to
another witness, about two hours afterwards. *Held,* that these state-
ments were not admissible as evidence, being mere hearsay, and not
coming within the principle of *res gestæ.*

2. *Contradictory statements by defendant; to what witness may testify.*
A witness, having testified to declarations made to him by the defend-
ant, as to how she acquired the articles found in her possession, which
belonged to the person alleged to have been robbed, can not further
testify as to other statements made to him by her, which he can not re-
member, " except that they were different from each other, and from
the first statement;" this being rather the statement of an opinion than
of a fact.

FROM the Criminal Court of Jefferson.
Tried before the Hon. S. E. GREENE.

Wm. L. Martin, Attorney-General, for the State, cited *Smith v. State*, 52 Ala. 407; *Rosenbaum v. The State*, 33 Ala. 354; 1 Gr. Ev. § 110; *Kirby v. Com.*, 77 Va. 681; *Burns v. State*, 61 Ga. 192; *Mitchell v. State*, 71 Ga. 128; 32 Minn. 394, or 50 Amer. Rep. 583; 48 Mich. 474; 95 Amer. Dec. 64; 46 Amer. Rep. 747.

SOMERVILLE, J.—The defendant was convicted of the crime of robbery, and was sentenced to death by hanging. Crim. Code, 1886, § 3742. The bill of exceptions taken in the case raises no question for our consideration except the rulings of the court on the evidence.

1. The person robbed was a female, and was not introduced as a witness on the trial, possibly for some good reason not shown by the record. But the State was allowed to prove certain unsworn statements which she was heard to make, some time after the alleged robbery, purporting to be explanatory of the transaction.

It appeared from the evidence that she was seen on the day of the robbery, in company with the defendant, and between twelve and one o'clock they entered the woods together. A witness for the State was allowed to testify that " about one o'clock, while walking in the woods, he saw the *Egyptian woman* [the victim of the robbery] coming towards him out of the woods, all bruised, wounded and bleeding, and her clothes badly torn; that she was gesticulating and trying to talk, but he did not understand, and did not suffer her to come near him, *but went off*, and a short time *afterwards*, with others to whom he had reported the incident, he *returned*, and found the woman badly cut and beaten, and they asked her who had cut her; and she replied and gesticulated, " *The woman that went with her.*" This was objected to, as the mere statement of the person robbed. A similar statement made by the woman robbed to another witness, about four o'clock P. M. of the same day, or about three hours after the robbery, was allowed to go to the jury, against the objection of the defendant.

The court clearly erred in admitting these unsworn statements of the person robbed, which were mere hearsay, and not competent evidence of the facts stated. Even dying declarations are inadmissible in prosecutions for robbery. So, in rape cases, the complaint of the prosecutrix, unless it constitutes a part of the *res gestæ*, is not admissible, on her direct examination by the State, to identify the perpetrator of the crime,—*Barnett v. State*, 83 Ala. 40.

The time elapsing between the alleged act of robbery and the declarations made by the person robbed, in explanation of it, is not sufficiently brief, nor are the two transactions otherwise so clearly connected, as to bring the declarations within the principle of *res gestæ*. The statement is rather a narrative of a by-gone transaction, past and completed. *Kennedy v. State*, 85 Ala. 326; *Ala. Gr. So. R. R. Co. v. Hawk*, 72 Ala. 112; 47 Amer. Rep. 403; *Dismukes v. State*, 83 Ala. 287; *Burns v. State*, 49 Ala. 370.

2.   The objection taken to the witness Wright's testimony should, in our opinion, have been sustained. He asserted that the defendant had made three several statements to him, as to where she had obtained the articles of jewelry discovered in her possession. The first was, that she had gotten them from her husband. The other two statements he did not remember, "except that they were *different* from each other, and from the first statement." Wherein they differed, or in what respect their alleged contradiction consisted, the witness did not pretend to recollect. If the statements had been before the jury, they might have come to another conclusion than that reached by the witness. His assertion savored rather of an opinion than a fact, and should have been excluded.

For the errors above pointed out, the judgment is reversed, and the cause remanded for a new trial. The prisoner, in the meanwhile, will be retained in custody until discharged by due process of law.

Reversed and remanded.