# Justice *v.* The State.

*Indictment for Murder.*

1.   *Proof of venue.*—In a criminal case, when the bill of exceptions purports to set out all the evidence, and does not show that the venue was proved, the defendant is entitled to the general charge on the evidence, and its refusal is reversible error.

2.   *Dying declarations as evidence.*—To authorize the admission of statements by the deceased as dying declarations, it is not enough to show that he died very soon afterwards, but it must appear that he was conscious of his condition, though no particular form of words is necessary ; and where the declarations, as in this case, are merely expressive of great pain, requesting that a doctor be sent for, and saying that he could not stand it much longer unless relieved, they are not admissible.

FROM the Circuit Court of Geneva.

. Tried before the Hon. JESSE M. CARMICHAEL.

The defendants in this case, James J. Justice and Henry W. Elliott, were jointly indicted and tried for the murder of Judge Williams, by striking him with a fence-rail, were each convicted of murder in the second degree, and sentenced to the penitentiary for the term of ten years. The opinion states the points reserved by the bill of exceptions, and the material facts connected with them.

T. M. ESPY, and R. H. WALKER, for appellants.—(1.) The defendants were entitled to the general charge on the evidence, because the venue was not proved.—*Bowdon v. State,* 91 Ala. 61; *Childs v. State,* 55 Ala. 28; *Frank v. State,* 40 Ala. 9; *Clark v. State,* 46 Ala. 307; *Sparks v. State,* 59 Ala.

[Justice v. The State.]

82; *Gooden v. State*, 55 Ala. 178; *Bain v. State*, 61 Ala. 75. (2.) The dying declarations ought not to have been admitted.—*Pulliam v. State*, 88 Ala. 1; *Hammil v. State*, 90 Ala. 577; *Young v. State*, 95 Ala. 5.

Wm. L. Martin, Attorney-General, for the State.

COLEMAN, J.—The defendants were convicted of murder in the second degree. The second charge requested by the defendants was, "that if the jury believe the evidence in this case, they must find the defendants not guilty." The bill of exceptions purports to set out all the evidence. We have looked carefully through the bill of exceptions, and although there is a mass of evidence set out, the venue of the offense is no where proven, nor any evidence from which the venue could be legally inferred. When this is the condition of the evidence, the defendant may take advantage of the omission by a request for a general affirmative charge. This has been the rule too long now to depart from it.—*Hubbard v. State*, 72 Ala. 164, and authorities cited. The precise question has been often decided.—*Childs v. State*, 55 Ala. 28.

As the case must be reversed, and the defendants retried, we feel it our duty to consider another question; and that relates to the admission of the dying declarations of the deceased. On account of the character of this kind of evidence, the rule requires that it be received with very great caution, and that the primary facts upon which its admissibility depends should be closely scrutinized; and although it is not an indispensible pre-requisite that deceased should in so many words express his conviction that he was *in extremis*—that death was impending—that there was no hope of life—yet the judicial mind should be clearly satisfied, after careful consideration of all the circumstances, that, at the time the declarations were made, such was the conviction of the mind of the defendant. Such is the strict rule required by the decisions of this court.—*Kilgore v. State*, 74 Ala. 1; *Ward v. State*, 78 Ala. 441; *Hussey v. State*, 87 Ala. 121; *Young v. State*, 95 Ala. 5; *Hammil v. State*, 90 Ala. 577.

The fact that deceased, at the time the declarations were made, was *in extremis*, and that death soon followed, are properly considered; but these facts, however clearly proven, do not alone determine their admissibility. Was declarant convinced that such was his condition? The court must determine this question, and upon it depends their admissibility. This is no part of the province of the jury. When

they have been admitted by the court as evidence, the jury considers and determines their weight and credibility in connection with the other evidence, just as if the deceased had testified to the same facts from the stand in their presence; but the jury can not consider the credibility of the primary facts upon which their admissibility depended. This is the exclusive province of the court. Many of the charges were requested under a misapprehension of this rule of law.

To show the condition of mind of the deceased, it was proved that his death was caused by a blow on the side of the head, from which he died in a few hours; that within less than a half hour, after stating the circumstances of the difficulty, giving the names of the defendants as the guilty parties, and the instrument with which he was stricken, and which statements were admitted in evidence against the objection of the defendants, the deceased used the following expressions, as testified to, indicative of the condition of his mind: "He was hurt bad, was beat to death;" "my head is killing me;" "run and tell Jim to bring the doctor, my head is killing me;" "my head is killing me." After saying this, he begged to send for the doctor. He complained of being "bad off." "Get the doctor quick, or he couldn't stand it." "He said his head was broke; his head was about to kill him, it hurt him so bad." "After saying his head was killing him, he told his brother to go after the doctor; that he wanted the doctor." "There is where Henry struck me, and he's nearly killed me." "The Justice boys have killed me, or very near it." "They stopped me on the road, and nearly about killed me." "The Justice boys stopped me over on the road, and beat me and nearly about to death." We have stated substantially all that was said by the deceased, and the declarations as to his convictions of impending death. The evidence is fairly conclusive, that these declarations were made from a quarter to half an hour prior to the time before he told them to go for the doctor. Applying the rule that we have declared, that the primary facts should be closely scrutinized and carefully considered, and that such testimony must be received with great caution, and is to be rejected unless clearly satisfactory to the judicial mind, we are of opinion they were improperly admitted. They evince great physical suffering; a fear, perhaps, that the result would be fatal. There was no direct expression to the effect that he expected and was convinced that such would be the effect of the blow. The expressions, they had "about killed me," "nearly about beat me to death,"

and the subsequent request that they "get the doctor quick, or he couldn't stand it," tend to show that he was not convinced that death was certain or impending.   As was said in *Young v. State*, 95 Ala. 5, "A just and salutary administration of the law requires that courts should have due regard to the rules and limitations placed upon declarations made by a person in the absence of the defendant against whom they are offered, and in regard to which he has had no opportunity to cross-examine declarant."

What we have said will probably be sufficient to guide the court upon another trial.

Reversed and remanded.