# Bolling *v.* The State.

*Indictment for Grand Larceny.*

1. *Larceny from a storehouse* —An indictment charging that the defendant feloniously took and carried away from "a storehouse," (stating the name of the owner) a certain amount of money without alleging from whose store house the money was stolen, sufficiently alleges the statutory offense of grand larceny.

2. *Hearsay.*—Evidence of a witness as to charges made to him against the accused, when accused was not present, is mere hearsay, and should not be admitted.

3. *Conviction of less offense than that charged.*—Under an indictment for grand larceny, the accused may be convicted of petit larceny, under § 4482 of Crim. Code 1886.

4. *Affirmative charge properly refused* —The affirmative charge: "that if the jury believe the evidence they should find the defendant not guilty," asked for the accused, is properly refused when there is any evidence, though not direct or very full, tending to show his guilt.

FROM the Circuit Court of Butler.

Tried before the Hon. JOHN R. TYSON.

The appellant was tried at the Fall Term, 1892, on an in-

[Bolling v. The State.]

dictment for stealing money, the property of Mrs. Mary Knight, from a storehouse in Greenville, Ala.

The defendant demurred to the indictment on the ground that it failed to allege from whose storehouse the money was stolen, and because it failed to allege who was in possession, control, and ownership of the said storehouse from which the money was stolen. On the trial of the case, as is shown by the bill of exceptions, there was only one witness introduced, who was one Henrick, a policeman in the city of Greenville. As is stated in the opinion, the most of his testimony is made up of statements made by Mrs. Knight and by himself, and a few of the statements made by the defendant. The defendant separately excepted to the introduction of each portion of this witness' testimony, and reserved an exception to each of the rulings of the court in overruling her objections. These rulings are sufficiently stated in the opinion. Upon the introduction of all the evidence the defendant asked the court to give the general affirmative charge in her behalf, and duly excepted to the court's refusal to give said charge.

GAMBLE & POWELL, for appellant, cited *Fuller v. State*, 48 Ala. 273; Clark's Manual, Sec. 996; *Mathews v. State*, 55 Ala. 187; *Johnson v. State*, 59 Ala. 37, *Griffin v. State*, 76 Ala. 29; *Barnett v. State*, 83 Ala. 40; *Kennedy v. State*, 85 Ala. 326; *Moses v. State*, 88 Ala. 78.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—There is nothing in the present record which tends to explain why the testimony produced on the trial was so meagre. It is reasonable to conjecture that the witnesses had gone beyond the power of the court to reach them with its process. We must deal with the questions as the record presents them.

The indictment charges that defendant "feloniously took and carried away in or from a storehouse four dollars and fifty cents in specie coin of the United States, the denomination and description of which is to the grand jury unknown, the personal property of Mrs. Mary Knight," &c. The indictment sufficiently describes the offense, under our statute and forms.—Code of 1886, Vol. 2, § 3789; forms No. 51, p. 272. To steal "personal property of any value · · from or in any storehouse," is made grand larceny, and a felony by our statute—§ 3789.

Much of the testimony adduced on the trial consisted of

[Bolling v. The State.]

statements and charges made by Mrs. Knight. She was not produced as a witness, and her statements were proved by the witness Henrick, the policeman who made the arrest. The statements made by Mrs. Knight were severally objected to, and exceptions reserved severally to their admission. We hold that the only portions of Henrick's testimony which should have been admitted, were, first, that he arrested the defendant on a charge of larceny, preferred by Mrs. Knight. This charge being preferred out of the hearing of the accused, none of the particulars of the alleged larceny, as related by Mrs. Knight to him, should have gone to the jury. It was hearsay and not testimony. Henrick was rightly permitted to testify that when he arrested the defendant she had a basket containing packages, or bundles, and that she thrust her hand into the basket, and under the bundles. The words added by the witness, "as though she were trying to conceal something," was, at most, only an inference drawn by him, and should not have been received. It was for the jury to determine what her purpose was in thrusting her hand into the basket and under the bundles. This witness was also rightly permitted to testify that he himself found under the bundles "a handkerchief on which was written the name 'Mrs. Mary Knight,' and tied up in the corner of the handkerchief was some silver money, amounting to about three or four dollars." Also, "that Mrs. Knight took the handkerchief and the money, and said to, or in the presence of the defendant, that the handkerchief and money were hers." So, the remark addressed by Mrs. Knight to the accused, "You nasty, stinking thing, you stole it out of that store," and the reply of the defendant, "No, I did not; but if I got it, I got it through a mistake," was also competent testimony. A charge made against another, and in his presence, if denied, is in no sense an admission of its truth. All the above testimony, save what is stated above, tending to show that money had been stolen, from whom stolen, where stolen, or connecting Mrs. Knight with the ownership, or the defendant with any larceny of it, was mere hearsay and illegal.—3 Brick. Dig. 418. It does not fall within any of the exceptions to the rule.—3 Brick. Dig. pp. 467–8; *L. & N. R. R. Co. v. McLendon*, 63 Ala. 266; *Minniece v. Jeter*. 65 Ala. 222; *Tanner v. L. & N. R. R. Co.*, 60 Ala. 621; *Loeb v. Flash*, 65 Ala. 526.

It results from the foregoing that the court erred in the admission of some of the testimony.

It is certainly true that the guilty, when legally and properly proven to be so, should be punished. It is equally

[Bowen v. The State.]

true that unless guilt is shown by the testimony which comes up to the high standard which has been wisely and humanely prescribed for the trial of a charge of crime, the accused should be acquitted. Better, far better, that the guilty go unpunished, than that the innocent, or those whose guilt is not shown beyond a reasonable doubt, should be punished. There should never be a conviction, unless what the law denominates the *corpus delicti*—the essence of the actual crime—has been proven to have been committed.—*Fuller v. The State,* 48 Ala. 273; *Matthews v. The State,* 55 Ala. 187; *Johnson v. The State,* 59 Ala. 37; *Griffin v. State,* 76 Ala. 29; *Moses v. State,* 88 Ala. 78.

The offense charged in this case is larceny "in or from a storehouse." That crime is made a felony under our statute, irrespective of the value of the thing stolen. Now, in every charge of larceny from a storehouse, there is necessarily embraced the simple larceny. The major includes the minor. In the trial of the present case it was competent to acquit the accused of the higher crime—the felony—and convict her of the lesser offense—petit larceny.—Code of 1886, § 4482; *Morris v. State,* 97 Ala. 82.

We can not on the testimony we have pronounced legal, affirm that there was no testimony tending to show that the money found in the possession of the defendant was the property of Mrs. Knight, and that the defendant had dishonestly come into possession of it. It was not direct nor very full; but its weight was for the jury. Of course they should not convict, unless they are convinced beyond a reasonable doubt that the money was the property of Mrs. Knight, and that the defendant stole it from her.

As to the higher offense, the felony, there was no testimony that the money had ever been in the storehouse, or that it had been stolen in, or from that place. There was an entire want of proof of the *corpus delicti,* to constitute the grand, or felonious larceny.

Reversed and remanded.