# Stone *v.* The State.

*Indictment for Larceny from the Person.*

1. *Larceny from the person; variance.*—Under the statute making it grand larceny to steal personal property from the person of another, (Cr. Code of 1886, § 3789), the offense as described is single and indivisible, and does not include the less grave offense of larceny; and when a person is indicted under such statute, and the proof shows that the property stolen was not taken from the person but from some other place, there is a fatal variance between the allegations and the proof, which precludes a conviction under the statute, nor can a conviction of larceny be had under such indictment. (*Bolling v. State,* 98 Ala. 80, overruled, so far as it asserts a contrary principle.)

APPEAL from the City Court of Talladega.
Tried before the Hon. JOHN W. BISHOP.
The facts of the case are sufficiently stated in the opinion.

KNOX, BOWIE & DIXON, and JAMES B. NEWMAN, for appellant.—The indictment charges the defendant with larceny from the person in a particular and precise averment, and being descriptive of the offense must be proved as charged. There was an entire absence and failure of proof in this case that defendant took the money from the person of Liddie Beverly, but all the proof established that he took it from a cellar-door or the ground near the cellar-door. The averment in the indictment being necessarily descriptive of the offense, it was essential to prove it as laid, and the evidence failing in this respect, made a fatal variance between the allegation and proof, and the affirmative charge requested by the defendant should have been given.—*Lynch v. State,* 89 Ala. 20; *Walker v. State,* 96 Ala. 55; *Walker v. State,* 73 Ala. 17; *Phillips v. State,* 68 Ala. 469; *Brown v. State,* 47 Ala. 47; *Johnson v. State,* 35 Ala. 365-6; *Lindsay v. State,* 19 Ala. 560; *Felix v. State,* 18 Ala. 720; *Guldel v. People,* 43 Ill. 226.

WILLIAM C. FITTS, Attorney-General, for the State.

HARALSON, J.—The indictment in this case charges defendant with having feloniously taken and carried away from the person of one Liddie Beverly, a silver dollar, the property of said Beverly. Section 3789 of . the Criminal Code makes it grand larceny to steal "any personal property of any value from the person of another."

The proof tended to show, without conflict, that said Liddie Beverly was sitting, talking with defendant by or near a cellar-door at her father's house ; that she had with her in her hand and possession, tied up in a hand-kerchief, one silver dollar and a one cent piece, and got up to go in the house for dinner, and laid the money down on the cellar-door, or ground, near the door ; that she remained away a short time, and when she returned, she saw defendant take the money from the ground or cellar-door, where she left it, and run away with it, and that her brother and father pursued him, but did not recover the money.

The solicitor announced to the court, that he would not ask for a conviction of grand larceny, but, under the evidence, he would ask for a conviction of petit larceny.

The defendant requested the court in writing to charge the jury, if they believed the evidence they must find the defendant not guilty. This charge the court refused to give. In its general charge, the court instructed the jury, that "If they believed beyond a reasonable doubt, [hypothesizing properly the venue and time] the defendant feloniously took and carried away the property described in the indictment, from the cellar door, or near the cellar door, and that it was the property of Liddie Beverly, then they must find the defendant guilty of petit larceny." To this part of the charge, the defendant excepted.

It is provided by statute in this State, that where one is indicted for an offense of which there are different degrees, the defendant may be found not guilty of the degree charged, but guilty of any degree of the offense inferior thereto.—Criminal Code of 1886, § 4482. But that principle has no application to a case of the kind before us, where the indictment must necessarily be descriptive of the offense. It is created by statute, is single and indivisible, and there is involved in it no

lower grade of the offense than the one charged. Without reference to the statute, larceny from the person would be grand or petit, owing to the value of the thing stolen, as much so as if the stolen property had been taken from any other place; but when taken from the person, the statute makes it larceny of the higher grade, owing to the place from which the thing was taken, and not on account of its value. This distinction is purely statutory, drawn not because the taking is not larceny at all, but it is made of the higher grade, owing to the place from which the thing was taken.—*Newsom v. The State*, 97 Ala. 54. If, therefore, the property stolen be not taken from the person, it is not the offense created by statute, but another, different from the one described, and of which the indictment would give the defendant no notice. Besides, if it were held that the defendant could be convicted of petit larceny under this indictment, by proof that he had stolen the property from some other place than the one named in the indictment, it would involve the violation of the universally recognized rule, that the allegations and proof must correspond, a material variance being fatal to a conviction. *Lynch v. The State*, 89 Ala. 18; *Gilmore v. The State*, 99 Ala. 158; 1 Gr. Ev., § 65.

The case of *Bolling v. The State*, 98 Ala. 80, is in conflict with what we have said above, and to that extent is overruled.

The court erred in refusing to give the charge requested, and in giving the one excepted to.

Rehearing granted, the former judgment of affirmance set aside, and judgment of the lower court reversed, and cause remanded.

Reversed and remanded.