### PRINCE v. STATE. (4 Div. 869.)

(Court of Appeals of Alabama. May 13, 1924. Rehearing Denied June 3, 1924.)

1. **Names** ⟨key⟩16(3)—**Defendant was entitled to acquittal if name of deceased was Crooms and not Croom as charged in indictment; names not being idem sonans.**

In a murder prosecution, refusal of defendant's requested charge that defendant was entitled to an acquittal if deceased's name was Tim Crooms, when indictment charged homicide of Tim Croom, was erroneous; such names not being idem sonans.

2. **Criminal law** ⟨key⟩366(4)—**Deceased's declaration, made in defendant's absence without predicate for a dying declaration, held inadmissible.**

In a murder prosecution, deceased's declaration that "Buddie did it," made after the homicide in defendant's absence, without a predicate for a dying declaration, was inadmissible; it being a narrative of a past transaction.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Charlie Prince was convicted of manslaughter in the first degree, and appeals. Reversed and remanded.

Certiorari denied by the Supreme Court in Ex parte State ex rel. Attorney General (Prince v. State), 211 Ala. 468, 101 South. 174.

Charge G, refused to defendant, is as follows:

"If from all the evidence you are satisfied that the name of the deceased was Tim Crooms, your verdict should be for the defendant."

Powell & Reid, of Andalusia, for appellant.

A conversation had by witness with the deceased was inadmissible. Laws v. State, 209 Ala. 174, 95 South. 819; Pressley v. State, 166 Ala. 17, 52 South. 337; Williams v. State, 130 Ala. 107, 30 South. 484. Charge G should have been given. Noble v. State, 139 Ala. 90, 36 South. 19; Wells v. State, 187 Ala. 1, 65 South. 950; Jacobs v. State, 61 Ala. 448; Underwood v. State, 72 Ala. 220; Suttle v.

State, 19 Ala. App. 198, 96 South. 90; Humphrey v. Whitten, 17 Ala. 30.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Croom and Crooms are idem sonans. Campbell v. State, 18 Ala. App. 219, 90 South. 43; Ward v. State, 28 Ala. 53.

SAMFORD, J. [1] The defendant was charged in the indictment with the homicide of Tim Croom. There was much proof to the effect that the deceased's name was Tim Crooms. Croom and Crooms are not idem sonans. Charge G requested by defendant should have been given. Wells v. State, 187 Ala. 1, 65 South. 950; Clements v. State, 19 Ala. App. 640, 99 South. 832.

[2] The statement of deceased that "Buddie did it," made after the stabbing had been done, and in the absence of defendant, without a predicate for a dying declaration was inadmissible. This statement was a narrative of a past transaction. Laws v. State, 209 Ala. 174, 95 South. 819.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.