(116 So. 504)

**DEMPSEY v. STATE. (I Div. 727.)**

Court of Appeals of Alabama.    Jan. 10, 1928.

Rehearing Granted April 17, 1928.

Henry D. Moorer and S. C. Jenkins, both of Bay Minnette, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J. Appellant was tried under an indictment for murder in the first degree, convicted of manslaughter in the first degree, and given a sentence to serve 10 years' imprisonment in the penitentiary.

It appears that Boyd Wright Stokes, the man who was killed by appellant, had been married to, and separated from, Clara Stokes, who was the sister of appellant. Clara had made her home, from the time of her separation from her husband, with the appellant, though she was never divorced from the deceased. Upon the occasion of the fatal difficulty the deceased, at Clara Stokes' invitation or request, was keeping a tryst with her, in the quiet hours of the night, a considerable distance from appellant's home, and, as the evidence indicates, in a place not upon appellant's premises. In the process or manner of keeping this "tryst" it appears, both from the circumstances and according to appellant's best judgment, that Clara and the deceased, in contravention of no law that we are acquainted with, were at the very time of appellant's purposeful, or at least intentional, uninvited, unwanted, and unwarranted approach upon them, engaged in refreshing themselves by having what we will call a portion, or session, or time, of "conjugal bliss."

So much of the circumstances surrounding the parties at the time of the shooting of deceased by appellant are set out in order to show the reason for our conclusion that there was no error in giving at the request of the state written charge 2. Whether the criticism of said charge made by appellant's able counsel is justified on strictly technical grounds or not is immaterial, where it appears, as here, by appellant's own testimony, that he was *not* free from fault in bringing on the fatal difficulty.

We think a sufficient predicate was laid for the admission of testimony as to the "dying declarations" of deceased. Justice v. State, 99 Ala. 180, 13 So. 658.

The exceptions reserved to remarks made by the court to counsel in the cause, which remarks the jury were specifically instructed they were not to consider, cannot avail. In the first place the substance of said remarks was, in our opinion, legally justified. But whether so or not, the remarks were not of a nature the effect of which, upon the jury hearing them, could not be, and was not, fully eradicated by the instruction of the court to the jury not to consider them.

The exceptions reserved on the taking of testimony have each been examined. In none of the rulings underlying same is there involved other than the simplest principle of the law of evidence. Nowhere in said rulings do we find the trial court to have committed prejudicial error.

Written charges 1 and 2 were properly given at the state's request.

The written charges refused to appellant have each been examined. They were each either incorrect, abstract, improper, or fully covered by and included in the trial court's oral charge, in connection with the written charges given at appellant's request.

Diligent search of the record fails to reveal any prejudicial error committed in the trial of the cause, and the judgment of conviction is affirmed.

Affirmed.

## On Rehearing.

BRICKEN, P. J. A further consideration of this case (on application for rehearing) convinces us that the statement in the original opinion to the effect, "by appellant's own testimony he was not free from fault in bringing on the fatal difficulty," is ill-advised, and incorrect. The contrary appears. We are of the opinion that the evidence upon this question is not sufficiently free from adverse inferences to authorize the court to give the affirmative charge in favor of the state.

The important question involved should have been submitted to the jury under appropriate instructions by the court, for it was for the jury to determine from a consideration of all the evidence, including that of the defendant, whether or not he was free from fault in bringing on the difficulty, and the burden rested upon the state to show that he was so at fault. This is the law, and the giving of charge 2 at the instance of the state was reversible error, for the reasons stated. This charge in effect places upon the defendant a burden which rested upon the state, and not upon defendant.

Charge 1, also given at the instance of the state, is of similar import. It was misleading and should have been refused.

Application for rehearing is granted. Judgment of conviction is reversed, and the cause remanded.

RICE, J., dissents.