[Ala. Great Southern Railroad Co. v. Frazier.]

# Ala. Great Southern Railroad Co. v. Frazier.

*Action for Damages, by Ejected Passenger against Railroad.*

1. *Plea equivalent to general issue.*—When the general issue is pleaded in an action for damages, and another plea which "denies each and every allegation, statement and averment of the complaint," the latter may be stricken out as redundant, and sustaining a demurrer to it is not a reversible error, since it could have wrought no injury.

2. *Contributory negligence, as defense for willful injury.*—A plea averring the contributory negligence of the plaintiff himself is no answer to a complaint claiming damages for injuries alleged to have been willfully inflicted by the defendant's servants while in the discharge of their duties.

3. *Injuries to ejected passenger by brakeman; punitive damages.*—If a person, in violation of the known rules of a railroad company, gets on a train which is not allowed to carry passengers, and refuses to leave when ordered by the conductor, he is a mere trespasser, and may be lawfully ejected by the conductor, or by a brakeman acting under his orders; but, if the brakeman willfully uses more force than is necessary to eject him, or commits an assault and battery on his person in order to compel him to leave, an action lies against the railroad company, and the jury may award punitive damages.

4. *Same; evidence as to attending circumstances.*—The material issue being whether the assault on plaintiff was justified, or even palliated by his own conduct, everything that was said and done by and between the parties, just before and up to the time when he was ejected, or forced to leave the car, is admissible evidence as part of the *res gestæ.*

5. *To what witness may testify.*—A witness, or a party testifying as a witness, may state that he was insisting "in a pleasant manner" that he be allowed to remain on the cars.

6. *Objection to question not answered.*—The overruling of an objection to a question which, as the record shows, was not answered, if erroneous, is not a reversible error.

7. *Testimony of party as to character and extent of injuries.*—The injury suffered by plaintiff being a double fracture of the lower jawbone, and the trial being had nearly two years after the injury was received, he may testify, though not an expert, that his jaw was permanently injured, and may state how it was affected at the time of the trial.

8. *Earnings as element of damages.*—The injuries received by plaintiff having disabled him for some time to carry on the business in which he was engaged, he may prove, as an element of his damages, "what he was making at the time he was injured."

9. *Exclusion and subsequent admission of evidence.*—If evidence is erroneously excluded when first offered, but is afterwards admitted, the error is thereby cured.

10. *Admission and subsequent exclusion of evidence.*—If evidence is improperly admitted against objection, but is afterwards excluded, and the jury instructed to disregard it entirely, the error is thereby cured.

| | |
|---|---|
| 93 | 45 |
| 93 | 14 |
| 93 | 310 |
| 93 | 352 |
| 93 | 572 |
| 93 | 45 |
| 94 | 229 |
| 93 | 45 |
| 95 | 432 |
| 93 | 45 |
| 96 | 531 |
| 93 | 45 |
| 100 | 374 |
| 101 | 47 |
| 93 | 45 |
| 103 | 169 |
| 93 | 45 |
| 106 | 291 |
| 107 | 144 |
| 107 | 688 |
| 108 | 98 |
| 93 | 45 |
| 115 | 13 |
| 115 | 283 |
| 93 | 45 |
| 117 | 146 |
| 119 | 516 |
| 119 | 569 |
| 119 | 570 |
| 93 | 45 |
| 125 | 490 |
| 93 | 45 |
| 127 | 386 |
| 93 | 45 |
| 136 | 30 |
| 93 | 45 |
| f143 | 370 |
| 143 | 422 |
| 93 | 45 |
| 144 | 279 |
| 144 | 390 |

[Ala. Great Southern Railroad Co. v. Frazier.]

11. *Argument of counsel to jury.*—Expressions and statements of counsel in argument to the jury, not founded on any evidence before them, are not available on error, when the record shows that they were promptly withdrawn on objection, and that the court instructed the jury to disregard them.

12. *Charge as to punitive damages.*—When the complaint claims punitive damages, and there is evidence tending to establish the claim, the court may instruct the jury "that, if they find from the evidence that vindictive damages should be given, they have a right to give such damages as the evidence authorizes, not beyond the amount claimed in the complaint.

13. *Charge as to testimony of witness willfully false in part.*—A charge which instructs the jury that, if the testimony of a witness is willfully false in any one material point, they *must* disregard it altogether, is an invasion of their province; but they may be instructed that, if they find his testimony to be willfully false in any one particular, they may disregard it entirely.

14. *Charge to jury as to weight of evidence, as affected by number of witnesses.*—The court may instruct the jury that, in reaching a conclusion on any question of fact, they are not to be be controlled by the mere number of witnesses on one side or the other, but should consider that fact only in connection with all the other circumstances conducing to credence or the reverse.

15. *Burden of proof as to necessary or excessive force.*—When the plaintiff sues to recover damages for injuries received in being forcibly ejected from a railroad car, and a special plea avers, in substance, that he was a trespasser on the train, and that no more force was used than was necessary to eject him, the *onus* as to the degree of force used is on the defendant,

16. *Abstract and argumentative charges* are not reversible error, though they may properly be refused.

APPEAL from the Circuit Court of Etowah.
Tried before the Hon. JOHN B. TALLY.

WM. H. DENSON, and L. A. DOBBS, for appellant.

DORTCH & MARTIN, *contra.*

McCLELLAN, J.—This is an action by Frazier, against the Alabama Great Southern Railroad Co., sounding in damages for injuries willfully inflicted by one of defendant's brakemen while acting within the scope of his employment.

1. Plea No. 1 "denies each and every allegation, statement and averment" of the complaint. The general issue, presented by the second plea of "not guilty," is made by statute the equivalent of a denial of all the material allegations of the complaint.—Code, § 2675. The issue presented by the two pleas, therefore, is one and the same. If the court erred in sustaining a demurrer to the first plea, it was without injury to the defendant, since it had all the advantages under the second plea to which it was entitled under the first.—*L. & N. R. R. Co. v. Davis*, 91 Ala. 487; 8 So. Rep, 552, and citations.

Moreover, the two pleas being in legal contemplation the same, one of them was redundant, and might well have been stricken out on this ground.

2.    To this action, counting upon the willful misconduct of defendant's employè, the contributory negligence of plaintiff, relied on in plea No. 3, is no defense. The insufficiency of that plea was correctly adjudged on demurrer.—Beach Contr. Neg. pp. 49, 50, 53; *L. & N. R. R. Co. v. Watson*, 90 Ala. 68; *M. & E. Railway Co. v. Stewart*, 91 Ala. 421; 8 So. Rep. 708.

3.    The complaint makes a case for punitive damages. It charges an assault and battery on the person of plaintiff by defendant's brakeman, upon no other provocation than that the plaintiff, while expressing a readiness to get off the train if it were stopped, declined to do so while it was running at such a rate of speed as to render the attempt hazardous. The train was one which, under the regulations and orders of the company, was not allowed to transport passengers. The plaintiff knew this when he boarded it, but was anxious to get to Chattanooga, and relied upon persuading the conductor to transport him in violation of the rules of the company. He appears to have so continued to rely upon his powers of persuasion as not to have availed himself of an opportunity to alight while the train was stationary, even after both the brakeman and the conductor had assured him he must do so. The conductor's orders were, to allow no person without a pass, other than employès of the road, to ride on that train. Plaintiff was not an employè, nor had he a pass. He was confessedly a trespasser, and it became the duty of the conductor to eject him.

Common knowledge, and the uncontroverted evidence in this case, concur to the point, that brakemen on trains are under the control of the conductor, and that it is their duty to obey his orders, and to aid him in maintaining the rules of the service, and in executing the orders of their common master. Similarly, common knowledge and the testimony here leave no room to doubt that a part of a brakeman's duty is to eject, or to assist in the ejection of trespassers from trains, the conductor having determined against their right to continue on board. Nothing, indeed, is more common than for a conductor to summon a brakeman to deal with and eject refractory trespassers; it is the usual, if not the universal course. It was adopted in this instance. The brakeman who committed the assault and battery testifies, that he was not in charge of the train, and hence, presumably, had no voice in determining that the plaintiff should be put off. That was the part of the conductor. He did so determine, and sent

this brakeman to the caboose to inform plaintiff that he must get off. The brakeman swears that he went down to the caboose and delivered the message, and that his intention was to put him off if he resisted. Plaintiff insisted upon being allowed to proceed. Presently the conductor came in, and he continued to so insist. Both conductor and brakeman were present from this time until the plaintiff left the train, and throughout the altercation and difficulty in which the injuries complained of were received. Both were insisting that he should get off. The brakeman testifies, and there is nothing in this record to the contrary, that, "if a party got on, and got rough, it was my duty to help put them off if they resisted, or would not get off; and I was putting this party off according to my duty." He admits taking hold of plaintiff in the discharge of his duty, in the presence of the conductor, and without objection on the latter's part. It was in this effort to put plaintiff off the train that, on the aspect of the evidence presented by defendant's witness, the assault was committed. From plaintiff's testimony the conclusion is, that the assault and battery was committed, not in an effort to remove him bodily from the car, but to coerce his will so that he would get off. Upon either aspect we can not hesitate in reaching the conclusion, that whatever was done by the brakeman was within the line of his duty to his employer, the defendant.

The rule as to the liability of railway companies for injuries resulting from the willful misconduct of employés is, "that if the employè, while acting within the range of the authority of the employment, do an act injurious to another, either through negligence, wantonness, or intention, then, for such abuse of the authority conferred upon him, or implied in his employment, the master or employer is responsible in damages to the person thus injured. But, if the agent go beyond the range of his employment or duties, and of his own will do an unlawful act injurious to another, the agent is liable, but the master or employer is not."—*Gilliam v. S. & N. Ala. Railway Co.*, 70 Ala. 268, and authorities cited; *L. & N. R. R. Co. v. Whitman*, 79 Ala. 328. Here, as we have seen, it was the brakeman's duty to put the plaintiff off the train. Whatever he did to that end was within the range of that duty and authority. He had a right to use such force as was reasonably necessary to the discharge of that duty. If he employed more force than was necessary, and injury resulted, the company is liable. If, during his effort to discharge this duty, he willfully assaulted and beat the plaintiff—not in self-defense against an assault made, or to reasonable apprehension imminent and impending by the plaintiff—the company is liable.

[Ala. Great Southern Railroad Co. v. Frazier.]

4.   There is really no conflict in the evidence as to the fact of the assault, the injury inflicted thereby, or as to its having been committed by the brakeman within the range of the authority of his employment.   The only material controverted question of fact is, as to whether the assault was justified, or, in view of the claim of vindictive damages, palliated by the conduct of the plaintiff.   Upon plaintiff's testimony it was willful and wanton, wholly without justification or palliation. On the aspect of the evidence adduced by defendant, it was committed under a reasonable apprehension of an immediate deadly attack by plaintiff on the conductor or brakeman.   To the issues of fact thus presented all that occurred and was said between the plaintiff on the one hand and the conductor and brakeman on the other—the manner, language and conduct of the parties, as being violent and threatening, or pacific and submissive—in and during the conversation, just before and leading up to the assault, was pertinent and competent as *res gestæ* of the main fact, giving character thereto, and furnishing the jury data by which to determine whether the assault was justified, or necessary to the discharge of the duty which was on the brakeman to eject the plaintiff, or, if not justified, whether it was committed under circumstances of provocation which would palliate the wrong of the employè, and mitigate the punishment of the employer.   These considerations serve to determine all of the exceptions to the admission of what was then said and done, and of the manner with which it was said and done, against the appellant.

5.   The special objection to that part of plaintiff's account of this conversation, in which he says he was insisting "in a pleasant manner" that he be allowed to continue his journey, &c., is equally untenable.— *Carroll v. State*, 23 Ala. 28; *Raisler v. Springer*, 38 Ala. 702; *S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266.

6.   The 5th assignment of error is addressed to the action of the trial court overruling an objection to a question as to what the brakeman, on going into the caboose, intended to do in case the plaintiff refused to get off.   This question was not answered, and the error, if any, of allowing it to be put, was without injury.—*Ins. Co. v. Moog*, 78 Ala. 284; *Billingslea v. State*, 85 Ala. 323.

7.   The injury which plaintiff suffered was a double fracture of the lower jaw-bone.   The trial was had nearly two years after the injury was received.   Whatever abnormal condition of the bone existed at that time—being after the wound had entirely healed, and the bones had knit together—must have been permanent in its nature, and of such character as to be

known to the plaintiff, though he was not an expert.   Hence, our opinion is that there was no error in allowing the plaintiff to testify as to whether his jaw was permanently injured, or as to how it was affected at the time of the trial.

8. The injury having for a considerable length of time disabled the plaintiff to carry on the business in which he was engaged at the time of receiving it, it was manifestly competent for him to prove, as an element of the damages he sustained, "what he was making at the time" he was disabled.—*A. G. S. R. R. Co. v. Yarbrough*, 83 Ala. 238.

9. The court sustained plaintiff's objections to several questions propounded to him as a witness by the defendant, the purpose of which was to show what the plaintiff was earning per month at the time of the trial, and that the injury of which he complained did not disable him "to work on a salary," as he was doing when he was hurt.   If it be conceded that these rulings were erroneous, the error was cured by the subsequent action of the court reversing its first ruling, and admitting testimony which substantially answered all of the originally excluded questions.—*Cleveland v. State*, 86 Ala. 1.

10. On the other hand, certain evidence, that of the witnesses Jones and Burkill, in regard to a conversation between the latter and Horton while they were under the rule, was admitted against defendant's objection, and subsequently excluded by the court, and the jury instructed to disregard it entirely.   This final action of the court vitiated the exceptions reserved to its original action.—*Jordan v. State*, 79 Ala. 9; *Dismukes v. State*, 83 Ala. 287.

11. Like considerations lead to the conclusion, that the exceptions reserved to certain arguments advanced by plaintiff's counsel will not avail the appellant.   The objectionable statements and expressions of the counsel were withdrawn, and the court instructed the jury to disregard them.   It is the settled doctrine of this court, that proceedings thus infected with error by arguments outside of the record may be purged of the infirmity by disclaimer and withdrawal on the part of counsel, and care on the part of the court in cautioning the jury against according to them any consideration or influence.   It is the action of the trial court, and not that of counsel, which alone can be reviewed on appeal; and the action of the court in this instance was entirely proper, and in full compliance with the motion of defendant.   The objection here insisted on was taken to counsel's argument, and not to any ruling of the court invoked or made with respect to it.—*Ins. Co. v. Allen*, 80 Ala. 568; *Cross v. State*, 68 Ala. 476; *E. T. V. & G. R. R. v. Bayliss*, 75 Ala. 466; *Nelson v. Harrington*, 7 Am. St. 900.

[Ala. Great Southern Railroad Co. v. Frazier.]

12.  Of the charges given at the instance of the plaintiff, that numbered one (1) is a correct statement of the rule for the guidance of juries in the assessment of punitive damages. They may give such punishment as in their judgment the evidence authorizes, not in excess of the sum sued for.—*L. & N. R. R. Co. v. Whitman*, 79 Ala. 328.

13.  Several charges were given for the plaintiff, which were to the effect that, if the jury believed from the evidence that certain witnesses for the defendant swore willfully falsely in one particular, they were authorized to disregard the evidence of such witnesses entirely. There is no evidence of either of these witnesses in this record which is not material to the issues presented. The charges must be construed with reference to the evidence with respect to which they are given. *Holland v. Tenn. Coal, Iron & R. R. Co.*, 91 Ala. 444. So construed, the supposed infirmity of the instructions, resulting from their failure to expressly base the right of the jury to disregard the testimony of these witnesses upon the willful false swearing in a *material* particular, is eliminated. The particular referred to must have been a material one, since no immaterial evidence had been drawn from the witnesses in question. The legal proposition asserted in these charges is sound. The jury are not instructed, or led to conclude, that they must disregard all the witness' testimony, because they find it to have been willfully false in some material part, but only that they may do so; in other words, they have the right, or are authorized to do so. The proposition is so fully supported by our own adjudications, as not to require extended discussion.—*Childs v. State*, 76 Ala. 93; *Jordan v. State*, 81 Ala. 20; *Lowe v. State*, 88 Ala. 8.

14.  Charges 3 and 12, given at the instance of the plaintiff, are sound expositions of the doctrine, that, in reaching a conclusion upon any controverted issue of fact, the jury are not to be controlled by the mere numerical preponderance of the witnesses on one side or the other, but should consider such preponderance only along with all other facts and circumstances conducing to credence, or the reverse, in the testimony of the witnesses on either hand.—*Ala. Fert. Co. v. Reynolds*, 79 Ala. 497; *Life Association v. Neville*, 72 Ala. 517.

15.  Charges 7 and 8 of plaintiff's series are to the effect that, under the issue presented by the 3d plea, the burden was upon the defendant. The only plea bearing that number found in the record is that which sets up the contributory negligence of the plaintiff as a defense to the action, and it is well settled that the *onus* under such plea is on the defendant. *M. & E. Railway Co. v. Chambers*, 79 Ala. 338. But, as we

have seen, a demurrer was sustained. to the third plea; and we infer that the charges in question have reference to a plea which appears to have been subsequently filed, and is the third in fact of the pleas which were in the case through the trial, though it is numbered 4 in this record. This is a plea in confession and avoidance in effect. Without denying the violence alleged in the complaint, it avers that plaintiff had no right to be on the train, that he refused to get off, that defendant's agent undertook to and did remove him, and that the force used was necessary to that end. The gist of this plea is its affirmative averment, that the force was necessary to the performance of a lawful act. It involved no traverse of any fact alleged or necessary to be alleged by the plaintiff. It was not for him to allege or prove that the violence done to his person was not necessary to his removal from the train. Notwithstanding the plea, recovery could have been had by plaintiff without any negation of that necessity. It was a fact outside of his case, and only injec'ed into the controversy by the defendant, who was not entitled to a verdict on account of it without proof of its existence. The application of the test that the party, who, if no proof is offered on a given issue, will be defeated on that issue, is the party having the burden with respect thereto, must result in sustaining the action of the trial court in giving these charges.—2 Amer. & Eng. Ency. of Law, pp. 655–6, and notes; 3 Brick. Dig. 433.

16. Several other charges were given at the instance of plaintiff, and excepted to. These exceptions are not attempted to be supported in the arguments of counsel; and it will suffice to say with respect to them, that while the infirmities of being abstract and argumentative may infect some of them, no reversible error is involved in the action of the court in giving them to the jury.

Many charges requested by the defendant were refused. Of these, the first and second were general charges against any right of recovery, and against a liability for exemplary damages. What is said in the first paragraphs of this opinion serves to determine the exceptions to the action of the Circuit Court on these requests adversely to the appellant.

Charges 3, 4, 5, 6, 7 and 8 of the defendant's series, as numbered on this transcript, each assert propositions at war with the view we have expressed as to the defendant's liability for injuries willfully inflicted upon a trespasser by a brakeman while acting within the range of his duty to remove persons from a train which was forbidden by the regulations of the company to transport passengers, the removal being determined upon by the conductor; and all of them were properly refused.

[Blanchard v. Floyd & Huguley.]

Charge 9 asserts, that the company is not liable if a brakeman willfully struck and injured the plaintiff without any demand or direction from the conductor so to do. To have given this instruction would have been the emasculation of the salutary and well established doctrine, that whether the willful misconduct of the employè was authorized or ratified by the company or not, and whether it was directed by a superior employè or not, the company is responsible if it was committed in the line or within the range of the authority of the employment, as that authority or duty existed on the facts incident to the particular transaction. Here, the conductor had determined to put the plaintiff off. It became at once, according to the uncontroverted evidence, the brakeman's duty to assist in putting him off, and to use the necessary force to that end. He undertook to discharge that duty in the presence and with the concurrence of the conductor; and in discharging it, he willfully beat the plaintiff, according to one aspect of the evidence. The company was manifestly liable, whether he was directed or commanded by the conductor to beat him or not; and the charge was well refused. Charge 10 requested by defendant was clearly abstract, and well refused on that ground. There was no evidence in the case tending to show "that the brakeman struck the plaintiff in personal resentment of some insult offered him by the plaintiff;" and even had that been the fact, we are not prepared to say but that the defendant would still be liable, if the insult was incident to the brakeman's efforts to remove him from the car, though we need not and do not decide this.

There is no error in the record, and the judgment of the Circuit Court is affirmed.