# Lampkin v. Louisville & Nashville Railroad Co.

*Action against a Railroad Company by Passenger to recover Damages for Tort committed by Brakeman.*

1. *Railroad company liable for injury to passenger committed by tort of brakeman.*—A contract exists between a common carrier and its passengers to protect them against personal violence, insult and injury of its own servants; and a railroad company is liable in damages to a passenger for acts of rudeness, wantonness or of violence done to such passenger by a brakeman in the service and employment of the railroad company, while in the discharge of his duties.

2. *Same; same; sufficiency of complaint.*—In an action against a railroad company by a passenger, for damages for torts committed by a brakeman, a complaint which alleges that while a passenger on

one of the defendant's regular passenger trains "one ——, who was a brakeman or flagman on defendants train and an employe of defendant, used vile and insulting language to plaintiff," and insulted and threatened him, and "did assault and beat plaintiff by striking him over the head," when plaintiff was getting off of defendant's train at his destination, sufficiently charges that the acts complained of were committed upon plaintiff while a passenger, by a brakeman in the employ of the defendant while in the discharge of his duties as brakeman ; and such complaint is not demurrable.

3. *Pleading and proof; use of initials in judgment entry.*—Where, in the summons, complaint and all other papers in a suit against a corporation, the corporate name of the defendant is set out in full, the fact that in the caption of the minute entry of the judgment the clerk used only the initials of the defendant's name, though irregular, is immaterial, and is ineffectual to render such judgment invalid.

APPEAL from the City Court of Decatur.

Tried before the Hon. W. H. SIMPSON.

This was an action of tort brought by the appellant, Lyman Lampkin, against the appellee, the Louisville & Nashville Railroad Company, to recover damages for an alleged breach of duty to plaintiff by reason of an alleged assault committed upon plaintiff by one of the defendant's brakmen, while the plaintiff was a passenger upon one of the defendant's passenger trains. The complaint, after alleging that the defendant was a railroad corporation, engaged in the business of the carriage of passengers for hire, continued as follows : "Plaintiff avers that on, to-wit, the 9th day of June, 1890, he boarded defendant's regular passenger train (the same being used by defendant for the carriage and transportation of passengers) at Athens, Alabama, and paid defendant's agent, the conductor of said train, full fare for a first class passage to Decatur, Alabama ; that while en route, and on the way to Decatur, one——who was a brakeman or flagman on defendant's train, and an employé of defendant, used vile and insulting language to plaintiff, calling him opprobrious names, improper, indecent, vulgar and obscene language, threatening at the same time bodily hurt to plaintiff ; that upon the arrival of defendant's train at Decatur, Alabama, and while plaintiff was in the act of getting off of defendant's train, said—————, (whose name is to the plaintiff unknown,) employé of defendant, as aforesaid, wrongfully did assault and beat plaintiff by striking him over

the head, knocking him off of defendant's car, and wounding plaintiff by cutting great gashes in his head, from which the blood flowed profusely, at the same time cursing plaintiff in the most profane language.'' The defendant demurred to this complaint, on the grounds: 1st. It does not give the name of the person whom it alleges was in the employ of the defendant, and who committed the act complained of. 2d. It is repugnant, in that it alleges that said person was a flagman, or brakeman, without showing which, or the nature of his employment. 3. The complaint does not allege that the injury complained of was done by said person in the line of his employment as a servant of this defendant. 4th. Said complaint does not allege that the act complained of was done in the execution of the business of this defendant. 5th. It is not alleged in the complaint that the acts complained of were done in execution of orders given by the defendant.

Upon the submission of the cause, upon these demurrers, the court sustained them, and the plaintiff declining to amend his complaint. the cause was dismissed. In the minute entry of the judgment, the title of the case was written as follows: ''Lyman Lampkin v. L & N. R. R. Co.'' The plaintiff appeals, and assigns as error the judgment sustaining the demurrer of the defendant, and dismissing the plaintiff's cause.

O. KYLE, for appellant.—The defendant in this case was a common carrier, and the plaintiff was a passenger on one of its trains; and the defendant owed the plaintiff the duty of protecting him from insult and injury, and guaranteed to protect him from personal injury or violence from its agents in charge of the train.—*M. & O. R. R. Co. v. Seals*, 100 Ala. 368; *L. N., O. & T. R'way Co. v. Patterson*, 13 So. Rep. 697; *Ill. Cen. R'way Co. v. King*, 13 So. Rep. 824; *A. G. S. R. R. Co. v. Frazier*, 93 Ala. 45; *S. & N. R. R. Co. v. McLendon*, 63 Ala. 266; *L. & N. R. R. Co. v. Whitman*, 79 Ala. 328; *Keokuk Packet Co. v. True*, 88 Ill. 608; *Goddard v. Grand Trunk R. Co.*, 57 Me. 203, s. c. 2 Amer. Rep. 39; *Bryant v. Rich*, 106 Mass. 180, s. c. 8 Amer. Rep. 311; *L. & N. R. R. Co. v. Kelley*, 13 Amer. & Eng. R. R. Cases 1; *Chicago & Eastern R. R. Co. v. Flexman*, 103 Ill. 546; 42 Amer. Rep. 33; *Dillingham v. Russell*, 15 Amer. St. Rep. 757.

It was sufficiently shown that the brakeman who committed the tort did so while in the discharge of his duties. Wood's Law of Master and Servant (2d ed.) § 321, *et seq.*; *Goddard v. Grand Trunk R. Co.*, 2 Amer. Rep. 39; *Croaker v. Chicago & N. W. R. Co.*, 17 Amer. Rep. 504; *Phil. & Read. R. R. Co. v. Derby*, 14 How. (U. S. ) 468; *Railroad Co. v. Blocher*, 27 Md. 277; *Nieto v. Clark*, 1 Cliff. (U. S. C. C.) 145; *Railroad Co. v. Vandiver*, 42 Penn. St. 365; *Landreaux v. Bell*, 5 La. (O. S.) 434; *Chamberlain v. Chandler*, 3 Mass. 242; *Railroad Co. v. Harris*, 122 U. S 597; Beach on Corp., §§ 445–449, 458; *Dillingham v. Russell*, 15 Amer. St. Rep. 754; *Sav. St. R. R. Co. v. Bryan*, 22 Amer. St. Rep. 464; *Brazil v. Peterson*, 44 Minn. 212; *Southern · Express Co. v. Brown*, 19 Amer. St. Rep. 306; *Western & Atl. R. R Co. v. Turner*, 72 Ga. 292; *Chicago & Eastern R. R. Co. v. Flexman*, 103 Ill. 546; *Inter. & G. N. R. R. Co. v. Kentle*, 16 Amer. & Eng. R. R. Cases 337; *McManus v. Cricket*, 1 East. 106; *Terre Haute & Ind. R. R. Co. v. Jackson*, 81 Ind. 19; *Williams v. Pullman Palace Car Co.*, 8 Amer. St. Rep. 512.

HARRIS & EYSTER, *contra*.—The judgment from which this appeal is prosecuted is not sufficiently supported. There was used in the caption only the initials, and there was not used the name of the defendant. The demurres to the complaint were rightfully sustained.—*Gilliam v. S. & N. R. R. Co.*, 70 Ala. 268.

HARALSON, J.—In *Goddard v. Grand T. R. Co.*, 37 Me. 202, s. c. 2 Am. Rep. 39, in discussing the question now before us, the court says: "The carrier's obligation is to carry his passenger safely and properly, and to treat him respectfully; and if he entrusts the performance of this duty to his servants, the law holds him responsible for the manner in which they execute the trust. * * * He must not only protect his passengers against the violence and insults of strangers and co-passengers, but a *fortiori*, against the violence and insults of his own servants." To the same effect, is the case of the *Chicago & E. R. Co. v. Flexman*, 103 Ill. 546, s. c. 42 Am. Rep. 33, in which it is held, that a contract exists between a common carrier and its passengers, to use all reasonable exertion to protect its passengers from

insult or injury from fellow passengers, and which is, also, a guaranty on behalf of the carrier that it will protect them against personal injury and insult from the agents in charge of the train. Any other rule, it is there well said, would place the travelling public at the mercy of any reckless employé a railroad company might see fit to employ, greatly impairing the personal security of the passenger.—*Bryant v. Rich*, 106 Mass. 180, s. c. 8 Am. Rep. 311; *Croaker v. Chicago &. N. W. R. Co.*, 36 Wis. 657, s. c. 17 Am. Rep. 504, *McKinley v. Chicago & N. W. R. Co.*, 44 Iowa, 314, s. c. 24 Am. Rep. 748; *Shirley v. Billings*, 8 Bush. 147; *N. O., St. L. & C. R. Co. v. Burke*, 53 Miss. 200.

The same question has been well considered in this State, and it may be regarded as settled, generally, as declared above. And the line has, also, been carefully and distinctly drawn, between such acts as are here complained of, when committed by an agent of the railroad, while acting in the line and discharge of his duty, and when committed by him as an individual, and not connected with his service to his company.—*L. & N. R. R. Co. v. Whitman*, 79 Ala. 328; *Lilley v. Fletcher*, 81 Ala. 234; *Railroad Co. v. Frazier*, 93 Ala. 45; *Mobile & Ohio R. R. Co. v. Seals*, 100 Ala. 368; *Collins v. Ala. G. S. R. R. Co.*, 104 Ala. 390; *Gilliam v. R. R. Co.*, 70 Ala. 269, and authorities cited in these cases.

It sufficiently appears from the complaint, that the acts charged were committed on and to the plaintiff, while he was a passenger on the defendant's train, by a brakeman in the service and employment of the defendant, while in the discharge of his duties as such, when he owed and could not deny protection to the plaintiff, and could not willfully insult and maltreat him in the manner alleged. The demurrer to the complaint was improperly sustained.

There was nothing in the objection, that in the caption of the minute entry of the judgment, the clerk employed the initial letters, ''L. & N. R. R. Co.,'' for the corporate name of the defendant, and that said entry will not, for that reason, support this appeal against the defendant company.

In the summons and complaint and all other papers in the cause, the corporate name of the defendant is set out in full. These, when referred to, show plainly enough

who the defendant is, as indicated by these initial letters. It was an irregularity, however, which should be avoided in such proceedings.—*Bolling & Son v. Speller*, 96 Ala. 270 ; *Blackman v. The Moore & Handley Hardware Co.*, *infra*.

Reversed and remanded, to the circuit court of Morgan county ; the city court of Decatur having been abolished.

BRICKELL, C. J., not sitting.