# Southern Railway Co. v. Wildman, Admr.

*Action for Negligent Killing of Intestate.*

1. *Pleading; when deceased a trespasser.*—A complaint not showing in what relation deceased was upon defendant's car, being construed most strongly against plaintiff, will be treated as showing deceased was a trespasser.
2. *Recovery by trespasser; wanton injury.*—A complaint alleging that defendant's servant recklessly and wrongfully or intentionally knocked or shoved deceased from defendant's train while in rapid motion, etc., will authorize a recovery, although deceased was at the time a mere trespasser.
3. *Evidence received without objection; motion to exclude.*—The law does not permit a party to speculate on the answer of a

[Southern Railway Co. v. Wildman, Admr.]

witness, and, therefore, it is not error to refuse a motion to exclude evidence when the record does not show the question was objected to or that the answer was not responsive to the question.

4. *Acts of agent within scope of his employment.*—A charge that defendant cannot be held liable for the wrongful act of his agent, if done "not in the interest," "nor in the prosecution of the business of the defendant," is erroneous and properly refused; such expressions are not equivalent to saying "not acting within the scope of his employment or duties."

5. *Scope of authority to eject trespassers.*—An employe who is given authority to eject trespassers riding on a train, is charged with the duty of ascertaining who are trespassers, and acts within the scope of his authority when he ejects any person from the train, whether a trespasser or not.

6. *Employer's liability for willful acts of an agent.*—The employer is liable for the willful, tortious acts of his servants, done within the scope and range of their employment, although the particular act was not authorized.

APPEAL from Birmingham City Court.
Tried before Hon. WM. W. WILKERSON.

Plaintiff's evidence tended to show that deceased bought a ticket at Brookside for passage to Birmingham on the train of defendant, but got on one of the box or coal cars instead of in the caboose, where passengers should ride. All the other facts necessary to an understanding of the court's rulings are sufficiently stated in the opinion. The defendant excepted to certain parts of the court's oral charge, as follows: "Well, now, gentlemen of the jury, if a brakeman is told by one having authority from the corporation to tell him, to let a certain person ride and not to let other persons ride, and he is charged by his instructions with the duty of determining who should ride and who shouldn't ride, and in attempting to carry out those instructions, he willfully injures a person in trying to keep him from riding, then he is acting within the line and scope of his authority, and if that act is willful and wrongful, the ralroad company is liable for the result."

"If he hasn't any authority, if the brakeman hasn't any authority to put people off the train, tramps, hoboes or anybody else, then if he undertakes to put anybody off the train, no matter how he does it, with what intention he does it, with what violence he does it, or with what disastrous effects he does it, the company is not

responsible for the consequences, because he wasn't charged, by the company, to do such an act, and it would be unreasonable and unjust to hold the company liable for the acts of an agent, when he is doing something he is not authorized to do. It would be unjust to expect the corporation to hold itself liable for things that an agent does that he is not expected to do. And so I say, if it was not the duty of the brakeman to put people off the train, then if the brakeman does do it, and in doing it, does a willful, wrongful and fatal act, then the corporation is not liable for that act of a brakeman." "But if the brakeman is charged with the duty of letting certain persons ride, and putting certain persons off, and in the attempt to carry out those instructions, he does a wrongful act intentionally, although he may be mistaken in his idea of whether or not the man he is attempting to put off should be put off. Yet, if he is charged with the duty of determining who should be put off and who should stay on, and he attempts to put anybody off, rightfully or wrongfully, then he is acting in the line and scope of his duty. He may not be doing his duty. If he puts them off wrongfully and in such manner as would possibly injure them, he is acting within the scope of his duty. That is to say, he is acting within the territory covered by his instructions. He is exercising his judgment in determining the matter that the corporation has left to his judgment to determine, and if he exercise that judgment wrongfully, still the company is liable, if, as a result of the exercise of that judgment, he does an act that is wrongful and that is willfully injurious to another." The court refused the following charges requested in writing by defendant: 1. If the jury believe the evidence they must find for the defendant. 2. If the jury believe the evidence they cannot find a verdict for plaintiff under the second count of the complaint. 7. If the jury believe from the evidence that Gibson, the flagman, did not put the deceased, Patton, off the train because Patton was where he had no right to be, or that Gibson did what he did—not in the interest of, nor in the prosecution of the business of the defendant, but acted merely willfully or maliciously, the jury should find a verdict for the railroad company. 8. The jury cannot find a verdict for the

plaintiff unless the evidence reasonably satisfies their minds that what Gibson did with reference to deceased, Patton, was done in the prosecution of the railroad company's business; and if they believe that Gibson did not act in the prosecution of the company's business, but simply wantonly, or simply from malicious motives, their verdict must be for the defendant. 10. If the jury believe from the evidence that Patton had a ticket entitling him to ride from Brookside to Birmingham on the train from which he fell or was thrown, and that he was not a tramp, trespasser, or "hobo;" and that Gibson knew such to be the case and knew that Patton was entitled to ride as passenger from Brookside to Birmingham on that occasion, but that Gibson, nevertheless, with such knowledge merely wantonly, or maliciously, threw Patton off the train and not in the prosecution of the duties with which he was then and there entrusted on the train, the jury should find a verdict for the defendant. To set out the various matters presented on motion for a new trial would serve no useful purpose.

SMITH & WEATHERLY, for appellant.—To eject trespassers was not within the scope of the duties of the brakeman, Gibson, in the absence of special authority. *Bess v. C. and O. R. R.,* 53 Am. and Eng. R. R. Cases, 64 and notes 70-72; *I. & G. N. R. Co. v. Anderson,* 53 Am. and Eng. R. R. Cases 59, and notes 63; *Mulligan v. R. R. Co., Ib.* 47-50; *Ne. and O. R. R. Co. v. Seals,* 13 So. 917-920; *A. G. S. R. R. Co. v. Frazier,* 93 Ala. 45-48; *Gilliam v. S. & N. Ry. Co.,* 70 Ala. 268; *L. & N. R. R. Co. v. Whitman,* 79 Ala. 328; *A. G. S. R. R. Co. v. Tapia,* 94 Ala. 226-229. Charges Nos. 7, 8 and 10 correctly define acts not within the scope of the brakeman's duties.—*Stevenson v. So. Pac. Co.,* 93 Col. 559; *Howe v. Newmarsh,* 12 Allen, 49.

BOWMAN & HARSH, *contra.*—If deceased was a passenger, defendant would be liable for Gibson's wrongful act, because of the general duty to protect passengers.—*Lampkin v. L. & N. R. R. Co.,* 106 Ala. 287; 4 Elliott on R. R., 1638; 5 A. & E. Encyc. Law, (2d Ed.), 541; Hutchinson on Carriers (2d Ed.), 595-617; Thompson on Carriers of Passengers, 352; *Cillingham v. Ohio*

*R. R. Co.,* 14 L. R. A. 798. The employe is liable for a wrong negligently or willfully inflicted by his servant within the line or scope of his employment, no matter what the motive or purpose may be.—*Gilliam v. S. & N. Ala. R. R. Co.,* 70 Ala. 271; *L. & N. R. R. Co. v. Whitman,* 79 Ala. 328; 1 Am. & Eng. Encyc. of Law, (2d Ed.), 1152; *Williams v. Hendricks,* 115 Ala. 282; *Richie v. Waller,* 27 L. R. A. 161, and notes. An act may easily be within the scope of employment, but not in the interest of nor in the prosecution of the employer's business. *Knowles v. Ogletree,* 96 Ala. 555; *Croker v. Chicago R. R. Co.,* 36 Wis. 657.

COLEMAN, J.—The action was by the appellee, as administrator of John G. Patton, and was instituted to recover damages for wrongfully causing the death of plaintiff's intestate. The complaint consisted of two counts. The first averred that plaintiff's intestate was a passenger upon the train, that he purchased a ticket, and was riding upon the train as such passenger, when defendant's negligence caused or allowed him to fall from the train, etc. As to this count, the court gave the defendant the affirmative charge. As the verdict was for the plaintiff on the second count, no question is before us raised by the first count. We will not, therefore, consider the question as to whether, under the facts of the case, the plaintiff was a trespasser or a passenger entitled to the protection of the defendant corporation. *Lampkin v. Railroad Co.,* 106 Ala. 287.

The second count avers that defendant, through its servant or agent, recklessly and wrongfully or intentionally knocked or shoved plaintiff's said intestate from said train while same was in rapid motion, and in consequence thereof said intestate was so injured that he died. Construing the pleading most strongly against the pleader, it must be taken that the complaint shows that plaintiff's' intestate was riding without authority and was at the time of the injury a trespasser. Although the deceased was a trespasser, the plaintiff would be entitled to recover, upon sufficient proof.—*Mobile & Ohio R. R. Co. v. Seales,* 100 Ala. 368; *Ala. Gr. So. R. R. Co. v. Frazier,* 93 Ala. 45. A witness testified, that "the fare from Brookside to Coalburg is fifteen cents. Witness only paid ten cents. Paid it to the brakesman, Gib-

son." The record proceeds: "The defendant here moved the court to exclude from the jury the statement that he paid the brakesman ten cents fare, on the ground that it is irrelevant and immaterial." To authorize a reversal, the record must affirmatively show error. The natural inference from the record is, that the witness responded to questions propounded to him, to which no objection was raised. The law does not permit a party to speculate on the answers of a witness. The defendant should have objected to the question, or the record ought to show that the witness volunteered these statements, not in response to questions calculated to elicit such testimony. The rule that illegal evidence may be excluded at any stage of the trial, cannot be invoked by a party who has brought it out, or by one who acquiesces without objection to its introduction.

The testimony is in conflict, but there is evidence tending to show that Gibson, the brakesman, knocked or shoved intestate from the moving train, and there is evidence tending to show that the conductor ordered the brakesman, Gibson, not to let any "tramps" or "hoboes" ride on the train.

The principal question involved in the refusal of the court to instruct the jury as requested by the defendant, is more directly presented in the seventh and eighth charges. Pretermitting mere technical objections to the phraseology of these charges, they assert the proposition that if the wrongful act of the agent, was done not in the interest, nor in the prosecution of the business of the railroad company, the defendant cannot be held liable for such wrongful act. Counsel on both sides seem to concede that if instead of using the terms "not in the interest," "nor in the prosecution of the business of the defendant," the charge had said, "not acting within the scope of his employment or duties," the charge would have been free from error.—*Ala. Gr. So. R. R. Co. v. Frazier*, 93 Ala. 45; *Mobile & Ohio R. R. Co. v. Seales*, 100 Ala. 369; *Lumpkin v. L. & N. R. R. Co.*, 106 Ala. 287. Appellant contends, that there is no difference in law, and that both propositions assert the same rule. There is no doubt that the principal is liable for the acts of the agent done in the interest of and in the prosecution of the business of the principal, if acting within the scope of his employment, and there are many

decisions to this effect. We are of opinion the terms are not the equivalent of each other. "Scope," as here used, signifies the "extent," "sweep" of his authority, and is not limited to acts done in the "interest of," or "prosecution of the business of the employer." The words "interest of," or "prosecution of the business of," naturally would impress the average juror with the idea, that if the act was not done with the purpose or intent to promote the interest of, or in furtherance of the business of the employer, the employer could not be held liable. Certainly such a rule would restrict the liability of the employer within too narrow a compass. An employe who is given authority to eject trespassers riding upon a train, acts within the scope of his authority, when he ejects any person from the train, whether the person be of the class designated or not, and whether such acts, strictly speaking, be in the interest of the employer or not. The employer is liable for the willful, tortious acts of his servants, done within the scope and range of their employment, although the particular act was not authorized.—*Williams v. Hendricks,* 115 Ala. 277. If the phrases, "within the scope of his authority" and "in the interest of, or prosecution of defendant's business," are the equivalent of each other, and so understood by the jury, the instructions of the court were full and fair to the defendant, and it could not possibly have suffered injury from the refusal of the charges requested.

We are of opinion there is no error in that part of the oral charge to which an exception was reserved. It is in accordance with the principles we have announced. From what has been said, it will be seen that there was no error in refusing the tenth charge requested. This charge is faulty as a legal proposition, in that it ignores the duty owing to a passenger.—*Lampkin's Case,* 106 Ala. 287.

The fourteenth charge is conceded to be faulty.

We find no evidence in the record that defendant exercised any diligence or care in the selection of its employe charged with the tort, and consequently hold that instructions twelve and fifteen are abstract. A discussion of the principle asserted in these charges would be mere dictum.

The court refused a motion for a new trial. It is evi-

dent that the plaintiff mainly depended upon the tes-
timony of the two witnesses, Parrish and Brown, and
it cannot be denied that the testimony of these two wit-
nesses in many respects were in direct conflict. There
is a very ancient authority, where the testimony of two
witnesses, who no doubt were placed under the rule,
was rejected on account of less flagrant and perhaps ma-
terial discrepancies, than that of Parrish and Brown.
(See Susannah' trial, Book of Susannah, Apocrypha,
Bible). Certainly the jury would have been authorized
in discarding both. They are the triers, however, of the
facts, and whether they credited both, or rejected one
and believed the other, cannot be known. Applying the
rule which we have declared in many decisions of this
court, there was no error in overruling the motion for
a new trial, either on the ground of newly discovered
evidence, or that the testimony of the witnesses was
contradictory.—*Tenn. Coal Co. v. Stevens*, 115 Ala. 461;
*Simpson v. Golden*, 114 Ala. 336; *Kansas City R. R. Co.
v. Phillips*, 98 Ala. 159; *L. & N. R. Co. v. Bernheim Co.*,
113 Ala. 489. There is no error in the record.
Affirmed.

HEAD, J., dissents as to charge No. 8 by defendant.
He thinks that charge ought to have been given.