# Tennessee Coal, Iron & Railroad Co. v. Cottrell.

## Injury to Servant.

(Decided May 18, 1911. Rehearing denied June 8, 1911.
55 South. 791.)

1. *Master and Servant; Injury to Servant; Complaint.*—A count for injury to an employee from the tipping of a mixer is under the employer's liability act (section 3910, Code 1907) where its gravamen was not the negligence of the person tipping the mixer, but that it was done in obedience to orders negligently given by a person delegated by the master to give such order.

2. *Same; Negligence; Signals.*—The giving of a signal is an instruction or order within sub-division 4, Section 3910, Code 1907, though done by the mechanical act of pressing a button, if done in obedience to particular instructions given by a person delegated with the authority of the master in that respect.

[Tennessee Coal, Iron & Railroad Co. v. Cottrell.]

3. *Same; Jury Question.*—Where there was evidence that a certain person was in the place from which a signal was given, and was acting in the capacity of the person whose duty it was to give it, the evidence being in conflict as to who was there, it was a question for the jury as to whether or not that person gave the signal.

4. *Same; Signals by Persons with Authority.*—Where the authority to give a signal to have a mixer tipped was not delegated by the master to any particular person but to the person who went into the pulpit as blower, such a signal given by one while there acting as blower, was given by him under the authority of the blower, and not in his capacity of turn foreman, though he was such a foreman.

5. *Same; Instructions.*—Where there was proof that C was in the pulpit acting as blower, in which case he had authority, independent of being superinendent, it was immaterial whether or not he had the authority, by virtue of being superintendent, to give the signal to have the mixer tipped, and an instruction to the effect that su-perintendent C was not a person delegated with the authority to give the signal, not only invaded the province of the jury but was misleading.

6. *Same.*—Where there was no evidence that C gave a signal in any capacity, except by virtue of being in the pulpit as blower, a charge asserting the mere fact that C was a foreman and had general superintendence did not constitute him a person to whom the authority to give the signal was delegated could be properly refused as abstract.

7. *Same; General Charge.*—Where the plaintiff testified that at the time the suit was brought he did not know who had given the signal, defendant was not entitled to the general charge on the theory that the averment of the complaint that the person who gave the signal was unknown, was not proven.

8. *Witnesses; Credibility; Instructions.*—A charge asserting that if the jury believe that any witness has willfully sworn falsely to any material fact, they may disregard his testimony entirely, is proper.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by O. A. Cottrell against the Tennessee Coal, Iron & Railroad Company, for injury to plaintiff while in defendant's employ. Judgment for plaintiff, and defendant appeals. Affirmed.

The fifth count, in so far as important, is as follows: "Plaintiff avers that at and prior to the time of said injury the plaintiff was in the employ of defendant corporation, and was engaged in the performance of his duty as such employee of the defendant corporation,

and the injury complained of was proximately caused by reason of the act of some person in the service or employ of the defendant corporation in tipping the mixer; and the plaintiff avers that the act of tipping the said mixer as aforesaid was done in obedience to particular instructions to tip said mixer, negligently given by a person whose name is unknown to plaintiff, delegated with the authority of the defendant in that behalf."

The following charges were refused to the defendant, other than the general charge as to the several counts:

"(4) The plaintiff is not entitled to recover under the fifth count of the complaint, unless you are reasonably satisfied from the testimony that his injuries were proximately caused by reason of the act of some person in the service or employ of the defendant corporation in tipping the mixer, and that said mixer was tipped by said person in obedience to particular instructions to tip said mixer, and negligently given by a person delegated with the authority of the defendant in that behalf; and I charge you that under the testimony in this case Superintendent Crosby was not a person delegated by the defendant with the authority to give the signals for the mixer to be tipped.

"(5) The plaintiff is not entitled to recover under the fifth count of his complaint, unless you are reasonably satisfied from the testimony that his injuries were proximately caused by reason of the act of some person in the service or employ of the defendant corporation in tipping the mixer, and that said mixer was tipped by said person in obedience to particular instructions to tip said mixer, negligently given by a person delegated with the authority of the defendant in that behalf; and I charge you that you must be reasonably satisfied from the testimony that the person who gave the signal

in this instance for the mixer to be tipped, was a person to whom the duty was delegated by the master to give such signal; and I charge you that the mere fact that J. Crosby, Sr., was a turn foreman, and had general superintendence over the force at the time this accident happened, does not constitute him such person to whom such authority was delegated."

Charge 1, given for the plaintiff, was as follows:

"The court charges the jury that, if you believe any witness in this case has willfully sworn falsely to any material facts, you may disregard his testimony entirely."

PERCY, BENNERS & BURR, for appellant. It is well settled under the Alabama decisions that as between master and servant, no presumption of negligence arises from the mere fact of injury.—*Williams v. Anniston Electric Gas Co.*, 51 South. 387; *Tennessee Coal, Iron & R. R. Co. v. Walton*, 52 South. 328. The burden was therefore upon the plaintiff in this case to produce evidence from which a reasonable inference could be drawn by the jury that his injuries were due to the negligence either of a superintendent, under Subdivision 2 of the Employers Liability Act, or of a person delegated by the defendant with the authority to give the signal which was given in this case. In order to meet this burden, the plaintiff must produce evidence from which this reasonable inference can be drawn, and to support such a charge of negligence, something must be shown more than ambiguously balanced circumstances.—*Southern Railway Co. v. Carter,* 51 South. 149. Each and all of them were men engaged is manual labor, having no control or supervision over the machinery or men in such way as to make the master responsible for their acts as superintendents.—*Free-*

*man v. Sloss-Sheffield Steel & Iron Co.*, 137 Ala. 48⅟; *Dantzler v. DeBardeleben Coal & Iron Co.*, 101 Ala. 309. If a superintendent, although he had a right to give orders, went into this pulpit and took upon himself the manual labor which had been entrusted to the blower, and gave this signal, we submit that it would not be an act of superintendence. Our court has held time and time again that the master is not liable where the injury is caused by the act of a superintendent while engaged in manual labor.—*Smith v. Pioneer Mining & Mfg. Co.*, 146 Ala. 235; *L. & N. R. R. Co. v. Andrews*, 54 South. 7. The evidence as to J. W. Crosby, Sr., the superintendent, merely shows that he was a foreman and had supervision entrusted to him.—*Ala. Great Southern R. R. Co. v. Vail*, 142 Ala. 134; *Postal Telegraph Co. v. Hulsey*, 115 Ala. 193; *Railway Company v. Smith*, 59 Ala. 245.

BLACK & DAVIS, for appellee. The court properly refused the general charge.—*Culver v. A. M. Ry. Co.*, 108 Ala. 366. A mechanical signal given by one in authority is as much an order as if spoken.—*Williamson Iron Co. v. McQueen*, 144 Ala. 265; *Republic I. & S. Co. v. Williams*, 53 South. 761; LaBatt M. & S., 1552. Count 5 is under the employer's liability act.—*Pos. Tel. Co. v. Hulsey*, 115 Ala. 135; 48 N. E. 862; 2 LaBatt, sec. 701.

ANDERSON, J.—Count 5 of the complaint was under subdivision 4 of the employer's liability act (section 3910 of the Code of 1907), and the gravamen of which was not the negligence of the person tipping the mixer, but that it was done in obedience to instructions negligently given by a person who was delegated by the master to give said instructions. We are not disposed to take issue with counsel for appellant in the contention

[Tennessee Coal, Iron & Railroad Co. v. Cottrell.]

that subdivision 4 is not the same as subdivision 2, and that, under subdivision 4, it must appear that the person who gave the instructions was specially delegated to do so, and the act would not probably come under the head of mere negligence while in the exercise of a general superintendence, as provided for in subdivision 2. We think, however, there was sufficient proof to warrant the submission of the cause of the jury upon every material allegation of the complaint, and that the trial court did not err in refusing any of the general charges requested by the defendant. The proof shows, that there were but two Crosbys employed by the defendant at the place and time of plaintiff's injury. Whether the elder one's real name was John Crosby, Sr., or Josiah Crosby, there was evidence that he was known as John Crosby, and that the younger Crosby, whether his name was John or not, was known as J. W. Crosby, or Crosby, Jr., whether his real name as J. W. or John. Therefore, when the answer of the defendant spoke of "John Crosby," and the witnesses spoke of "John Crosby" in their evidence, the jury could reasonably infer that they had reference to the elder Crosby. There was also proof that the elder Crosby was in the pulpit acting as "blower" when the signal to "tipple" was given Laycock, and the proof also shows that the authority to give the signals was delegated to the "blower."

We also think that the giving of the signal was an instruction, as contemplated by subdivision 4, and was not a mere mechanical act or omission, as covered by subdivision 2. The fact that the signal was but a mechanical act of the blower, by pressing the button, did not prevent its being an instruction, as contemplated by subdivision 4. It was but a modern and convenient method of conveying the instruction to "tipple" from

the "blower" to the "tippler," and was just as much an instruction as if the blower had told him to tip the mixer.

It was also for the jury to determine whether or not Crosby, Sr., gave the signal, as Laycock said he received the signal, and there was proof that said elder Crosby was in the pulpit at the time, which is the place where the blower is stationed, and from which the signal is given. It is true there was a conflict in the evidence as to who was in the pulpit at the time; but it was a question for the jury to determine whether or not the elder Crosby gave the signal, and which question was squarely submitted to the jury by defendant's given charge 7.

There was no error in refusing charge 4, requested by the defendant. If not otherwise bad, it in effect charges the jury that Superintendent Crosby was not a person delegated with the authority to give the signal. Whether he had the authority or not, by virtue of being superintendent, matters not, as there was proof that he was in the pulpit acting as blower; and if such was the case, he had the authority independent of being superintendent, and the charge invaded the province of the jury, and was also misleading.

There was no error in refusing charge 5, requested by the defendant. It was abstract, as there was no evidence whatever tending to show that Crosby gave the signal in any capacity, except while in the pulpit and acting as blower.

The defendant admitted that the signal was given from the pulpit by a Mr. Crosby, and who was acting under delegated authority to give the signal. Therefore, if the signal was given by Crosby, Sr., it was while he was filling the position of the man to whom the authority was delegated, and it matters not whether he

had the authority to do so as turn foreman; for, if he gave the signal at all, it was while acting as blower, and as such he had the authority whether he had it as turn foreman or not. The authority does not seem to have been delegated to any special person, but went to the men in the pulpit, to the blower first, and to the regulator in his absence, and it would seem that the two men in the pulpit, regardless of who they were, if there under the authority of the defendant, would be the ones to whom the authority of giving the signal was delegated. So the question is, was the signal given by a blower in the pulpit or the regulator? and, if it was, it was by one who had authority.—See evidence of Marstello. If the order was given by the senior Crosby, who was also the turn foreman, it was given by him while he was blower, and not in the capacity as turn foreman; for under the evidence he gave the signal while acting as blower, or he did not give it at all.

The plaintiff testified that he did not know, when the suit was brought, who gave the signal to tip the mixer, and the defendant was not entitled to the general charge, upon the theory that the averment that the person was unknown was not proven. Nor was there error in overruling the demurrer to the fifth count.— *Reiter v. Hamlin,* 144 Ala. 212, 40 South. 280.

There was no error in giving charge 1 at the request of the plaintiff.—*Williamson v. McQueen,* 144 Ala. 279, 40 South. 306; *A. G. S. R. R. v. Frazier,* 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.